ADA GORDON, on Behalf of Herself and All Other Stockholders of HOTEL BARBIZON, INC., Appellant, *v.* LAWRENCE B. ELLIMAN et al., Defendants, and HOTEL BARBIZON, INC., Respondent.

First Department, November 12, 1952.

*Aaron Schwartz* of counsel (*Mortimer A. Shapiro* with him on the brief; *Nemerov & Shapiro,* attorneys), for appellant.

*Sidney G. Kingsley* of counsel (*Sylvester & Harris,* attorneys), for respondent.

PECK, P. J. The question on this appeal is whether an action by a stockholder against a corporation and its directors to compel the declaration of a dividend is an action in the " right " of the corporation, requiring the plaintiff, under section 61-b of the General Corporation Law, to give security for the expenses which may be incurred by the corporation in the action.

As the question is posed to us by the parties, it is whether such an action is representative in the personal right of the stockholders or is derivative in the right of the corporation. Judicial authority both ways has been cited (*Davidoff* v. *Seidenberg,* 275 App. Div. 784; *Jones* v. *Van Heusen Charles Co.,* 230 App. Div. 694; *Swinton* v. *W. J. Bush & Co.,* 102 N. Y. S. 2d 994; *Hiscock* v. *Lacy,* 9 Misc. 578; *Lydia E. Pinkham Medicine Co.* v. *Gove,* 303 Mass. 1, 12–13; *Stevens* v. *United States Steel Corp.,* 68 N. J. Eq. 373; *Laurel Springs Land Co.* v. *Fougeray,* 50 N. J. Eq. 756). We shall not attempt to review that authority in this opinion beyond noting our agreement with the learned court at Special Term that the weight of authority is in accord with the view that such an action is derivative.

We shall consider the problem apart from any conflict of authority on the basis of the essential nature of an action of this kind. We shall avoid the use of the words " representative " and " derivative " because thinking in those terms is more apt to confuse than to clarify the issue. This is illustrated by the appellant's approach when she defines a derivative action in the limited terms of the type of derivative action with which we are most familiar, as an action against third parties, the proceeds of which will be payable to the corporation. Because the present suit is not *such* a derivative action, plaintiff assumes that it is not derivative in nature. Similarly she assumes that if it is for the benefit of the stockholders generally it is a representative stockholders' action.

More fundamental thinking is required. The action may be for the benefit of the stockholders, but that does not mean that it is not for the benefit and in the right of the corporation. Likewise, although no relief may be sought against the directors personally, the suit may call into question their judgment or action vis-a-vis the corporation and seek amends. Such an action, though asserted by a stockholder and prompted by a stockholder's self-interest, is in its nature and essence the assertion of a corporate right, namely the right to have corporate management accord with the interests of the corporate body.

Plaintiff's thesis can be tested by quoting her argument. She states that " When directors unreasonably refuse to declare dividends or sufficient dividends, they are depriving the stockholders directly of a primary right to receive their share of the earnings of the enterprise. The wrong is done directly to the stockholders and not to the corporation." It is further suggested that the corporation is not injured by the retention of

profits which might properly be distributed to stockholders, but on the contrary the corporation is enriched. The conclusion is that a dividend action is aimed only against the corporation.

The argument thus rests on the premise that there is a diversity of interest between the stockholders and a corporation with respect to dividends; that it is to the interest of the stockholders to have dividends declared and to the interest of the corporation not to have them declared, and that a stockholder's action for the declaration of dividends is a court test of that conflict.

In our view, this is a demonstrably erroneous concept and the faulty premise which underlies the plaintiff's entire argument. There is no divergence of interest between a corporation and the entire body of its stockholders in any matter. Their interests are identical. Indeed a corporation in essence is nothing more than the corporate body of its stockholders. What is good for the one is good for the other and what is bad for the one is bad for the other because of the identity of actual interest.

This is quite as much so in the matter of dividend policy as in any other field of corporate action. One cannot realistically say that it is in the interest of a corporation not to pay dividends or that it is in the interest of stockholders to have dividends paid. Whether dividends should be paid and to what extent depends upon the status of the corporation's affairs, its financial condition, its problems and prospects, whether its surplus and reserves are sufficient for anticipated business needs and the extent to which it has available funds which can safely be disbursed to stockholders. It is certainly not to the interest of the stockholders to jeopardize the corporate interests by the excessive payment of dividends. By the same token it is not to the interest of the corporation to retain funds beyond those that are necessary and to deprive stockholders of dividends. A corporation which pursues a niggardly dividend policy will not attract or hold stockholders, or the stockholders will replace the management. In truth, the interests of the stockholders and of the corporation in the matter of dividends are precisely the same, namely in adopting a balanced dividend policy which will assure the corporation of its financial needs and assure the stockholders of disbursement to them of earnings in excess of those needs.

And what is the nature of the complaint made by stockholders, such as this plaintiff, when they complain of a corporation's dividend policy? Are they really making complaint against the

corporation as such, or are they complaining of the action of the directors in the formulation or administration of dividend policy?

That question is answered by the complaint in this action. It is alleged that the individual defendants, i.e., the directors of the corporation, " for their own selfish purposes and interests and contrary to the interests of the public stockholders * * *, have withheld the distribution as dividends of a proper and adequate portion of the annual earnings " of the corporation. So much so, it is alleged, that there is a real hazard actually present that the corporation may be cast in a heavy liability under section 102 of the Internal Revenue Code for not making proper disbursement of its surplus.

This is essentially a complaint against directors on account of their management and the assertion of a corporate right arising out of their alleged mismanagement. The only thing that differentiates such a claim from the common variety of a stockholder's derivative action is that no relief is sought against the individual defendants in the sense of calling upon them to disgorge any amount of money personally. The action is, nevertheless, classically in the right of the corporation, being in the nature of a complaint against the directors' handling of corporate affairs.

We are referred to a quotation from Ballantine on Corporations (Rev. ed., § 234, p. 556) to the effect that " A proceeding to compel payment of a dividend is of an equitable nature, the specific performance of a duty owed to all the shareholders individually and severally." If by this statement the writer intended to convey the idea that the duty of directors in respect to dividend action is a duty owed to the stockholders as individuals rather than as a corporate body, we cannot accept it. The duty of directors in respect to a corporation's dividend policy as in respect to all corporate matters is not a duty owed to the stockholders as individuals; it is a duty owed to the stockholders jointly as a corporate body, or, in short, to the corporation. Any breach of that duty does not give rise to a cause of action in any stockholder individually or all stockholders severally. Any cause of action which a stockholder might assert is not personal to him or in any individual right.

Plaintiff's position can be further tested by her statement, necessary to her theory, that " In a dividend action, the stockholder is not seeking to compel the directors to exercise any discretion." The implication is that there is something auto-

matic about the right to a dividend and the admeasurement of a dividend, as if the determination of dividend policy did not involve the exercise of judgment and discretion. Nothing could be further from the facts of corporate life. Dividend policy and the implementation of that policy in the declaration and distribution of dividends is a matter of very nice judgment and discretion upon the part of directors.

It may be that in a narrow sense a dividend action is not to compel directors to exercise their discretion or do anything. It is because the judgment of the court can be executed on the corporation without personal jurisdiction over the directors that some courts have ruled that the directors are not necessary parties to the action. That is a matter of mechanics in enforcement, however, and does not alter the nature of the action. Assuredly, what is at issue is the directors' conduct and certainly the suit is one to review the exercise of the directors' discretion and to ask the court to substitute the judgment of the suitor for the judgment of the directors. In essence the claim is and must be that the directors have not exercised and are not exercising a sound discretion in the best interests of the corporation, so much so that they have offended against the corporation and are guilty of a dereliction of duty. So much so, as alleged in the present complaint, that they are subjecting the corporation to the risk of a tax penalty. This well illustrates that the interests involved are those of the corporation, just as the test of a dividend policy must be the interests of the corporation or corporate body and not the interests of any stockholder individually.

This leads us to a consideration of a question not raised in the appellant's brief, but otherwise suggested, of whether a stockholder's action to compel the declaration of a dividend falls within the class of actions in which the Legislature intended to require security. It is suggested that a dividend action is not among the evils or abuses in stockholders' suits that section 61-b was aimed against. We pass over the point made by the defendants, on the facts, that there is no basis for the complaint here and that the action represents an abuse of a stockholder's standing. Whatever may have prompted the enactment of section 61-b of the General Corporation Law, the rationale behind it is altogether clear and entirely applicable to the present action.

The section is predicated upon recognition of the fact that litigation challenging corporate policies and practices is intri-

cate and expensive. It was a salutary policy adopted by the Legislature that a single stockholder or negligible minority of stockholders should not be allowed freely and irresponsibly to challenge corporate action and put the corporation to the expense of defending what might be a baseless suit. Responsibility in the form either of 5% of the stockholders joining in the action or the plaintiff's holding stock having a market value in excess of $50,000 or giving security for the expense to which the corporation would likely be subjected, was required.

It is obvious that the corporation in the instant case will be subjected to substantial expense in the detailed inquiry necessitated by a challenge to the dividend policy adopted by its duly constituted authorities. The responsibility which is required from a stockholder instituting such an action is quite in order here. The plaintiff should either convince a sufficient number of her brother stockholders of the correctness of her position to present the requisite stockholder showing, or should be required to post the security required by the law.

The order appealed from should be affirmed, with $20 costs and disbursements to the defendant-respondent.

CALLAHAN, J. (dissenting). I dissent upon the ground that an action of the present nature is not one in the " right of the corporation " within section 61-b of the General Corporation Law. This is not the kind of action " which has been the subject of great abuse and malodorous scandal." See message of Governor dated April 9, 1944, in approving the bill enacting this law (L. 1944, ch. 668).

DORE and COHN, JJ., concur with PECK, P. J.; CALLAHAN, J., dissents, in opinion.

Order affirmed, with $20 costs and disbursements to respondent. [See 281 App. Div. 745.]