DAVID LAZAR, Individually and as a Stockholder of KNOLLS COOPERATIVE SECTION No. 2 INC., Suing on Behalf of Himself and All Other Stockholders of Said Corporation, Similarly Situated, and for the Said Corporation, Plaintiff, *v.* KNOLLS COOPERATIVE SECTION No. 2 INC., et al., Defendants.

Supreme Court, Special Term, Bronx County, March 9, 1954.

*Simon Gallet* for plaintiff.

*Robert S. Olnick* for Knolls Cooperative Section No. 2 Inc., defendant.

*Davis, Polk, Wardwell, Sunderland & Kiendl* for Dry Dock Savings Bank, defendant.

CORCORAN, J. The plaintiff's motion for an injunction *pendente lite* and the defendant's motion for dismissal of the complaint pursuant to rule 106 of the Rules of Civil Practice will be considered together.

On the motion to dismiss, the truth of the following facts alleged in the complaint must be assumed true. The defendant, the Knolls Cooperative Section No. 2 Inc. (to which I will refer as '' the corporation ''), is a co-operative corporation and the plaintiff is one of its stockholders. It entered into an agreement with Knolls Construction Company (to which I will refer as '' the partnership '') for the construction of a co-operative apartment house building for the corporation. Such construc-

tion work is almost completed and certificates of occupancy have been issued by the department of housing and buildings.

The corporation made a mortgage to the defendant, Dry Dock Savings Bank, and the bank advanced most of the money due under the mortgage to the corporation as the construction progressed. The corporation, in turn, paid most of the money advanced to the partnership. Construction has neared completion and a closing date will soon be fixed for the payment of the last advance by the bank to the corporation. The plaintiff believes this amount will be paid over to the partnership. Prior to the fixing of a closing date, the corporation's board of directors must adopt a resolution to the effect that the buildings have been substantially completed by the partnership.

By reason of various business associations there is a close relationship between the officers and directors of the corporation and the members of the partnership. The corporation's president is a member of the partnership. One of the directors, who is also the secretary of the corporation, is the attorney who drafted and filed the incorporation certificate. He is also a member of the partnership and he acted as attorney in drafting and filing the partnership certificate. He also has a relative who is a member of the partnership. Another director has a relative who is a member of the partnership. Other directors became such because of acquaintanceship with members of the partnership. None of the individual defendants are stockholders, and only stockholders may occupy apartments in the co-operative building. Those defendants who are directors were designated as such in an amended certificate of incorporation filed on or about August 11, 1952. No stockholders' meeting has been held for an election of directors.

The plaintiff expresses a fear that representation by the individual defendants of identical interests may result in an improper inspection of the co-operative building. He claims that a board of directors should be elected by the stockholders who are going to live in the building to ascertain that construction conforms to the plans and specifications. He states that unless the final payment by the defendant bank is enjoined, a board of directors representative of the stockholders will not have an opportunity to make a genuine determination as to whether the partnership performed the construction agreement.

The plaintiff pleads a second cause of action in which he incorporates the facts which I have summarized and also alleges that a proper demand was filed for the removal of the defendant

directors with the secretary of the corporation pursuant to section 63 of the Cooperative Corporations Law, and that the defendants have failed to call a stockholders' meeting to consider the charges contained in the demand.

The relief requested by the plaintiff is that the defendants be ordered to call a stockholders' meeting pursuant to the by-laws for the election of directors or that a meeting to consider his charges be held. The complaint also seeks injunctive relief prohibiting the final payment under the mortgage until the holding of the meetings.

The plaintiff makes no claim that the corporation's transactions with the defendant bank are improper or invalid. His plea is that a board of directors should be elected prior to full performance on the mortgage so as to protect the corporation from what he conceives to be representation of the corporation by a president and a board of directors which have adverse interests to it.

The defendants claim that the action is a derivative stockholders' action and that the complaint should be dismissed because the plaintiff has failed to comply with the requirements of section 61 of the General Corporation Law, relating to such actions.

Those statutory provisions have no application to this case, for this is a representative, and not a derivative action.

Although there is dictum in *Gordon* v. *Elliman* (280 App. Div. 655), which appears to sweep away the distinction between a representative and a derivative action, it is my opinion that such distinction exists. The plaintiff does not challenge acts of the management on behalf of the corporation. He challenges the right of the present management to exclude him and other stockholders from proper participation in the affairs of the corporation. He claims that the defendants are interfering with the plaintiff's rights and privileges as stockholders.

Management of a corporation may be in skilled hands; its policies may be in the best interests of the corporation; there may be no waste or wrongdoing of any kind insofar as the corporate interests are involved, and yet the stockholders may attack the right of the directors to act as such.

Section 11 of the Cooperative Corporations Law requires that a certificate of incorporation state the names and post-office addresses of the incorporators and the names and post-office addresses of the directors until the first annual meeting. There is an implication in the phrase " until the first annual meeting "

that such directors are intended to act only until such time as the stockholders are able to function and elect directors. In this case, the individual defendants are, with one exception, both the incorporators and directors named in the certificate. Compliance with the statute requires that they hold the first annual meeting within a reasonable time so as to give the stockholders an opportunity to elect their own board as promptly as possible. They are not supposed to perpetuate themselves in office despite the wishes of the stockholders.

The amended certificate of incorporation was filed on August 11, 1952. Under article I of section 1 of the by-laws an annual meeting of stockholders for the election of directors was to be held on June 6, 1953. The plaintiff has shown prima facie some need for such a meeting. Neither that nor a showing of any wrongful acts in management of corporate affairs is a necessary condition precedent for holding a meeting which is required by the by-laws. The same principle applies with respect to the filing of charges for the removal of directors pursuant to section 63 of the Cooperative Corporations Law. Under that section a meeting must be held promptly to act on such charges. These charges were filed on January 25, 1954, but no meeting has been held.

The second cause alleged in the complaint certainly states a cause of action and the motion to dismiss is denied.

In support of the motion for an injunction *pendente lite*, the plaintiff in substance states the facts pleaded in the complaint, and points to the fact that in a somewhat similar transaction with respect to the Knolls Cooperative Section No. 1 Inc. and the Knolls Construction Company, the stockholders who took control of the co-operative corporation after completion of construction found to their serious damage that there had not been compliance with the construction contract. Many of the same defendants involved in this transaction were involved in the former one, and there was a similar interlocking of interests between the corporation and the partnership.

The defendants urge that the stockholders have sufficient protection in regard to the performance of the construction contract as a result of governmental supervision. That is for the stockholders or for a board of directors elected by them to determine. The defendants also urge that no meetings of the stockholders have been called pursuant to the by-laws and in response to the plaintiff's charges under section 63 of the Cooperative Corporations Law, because in the opinion of the

present directors (who were not elected), it would serve the stockholders' interests best to wait to elect directors until they have moved into their apartments and become familiar. with the building and its operations. That, too, is a matter for the stockholders to determine. A stockholder cannot be made to accept generous considerations in exchange for his rights under the law.

The defendants have been in continuous violation of the law of this State and of the by-laws of the corporation in neglecting to call both the annual meeting and the meeting to hear the charges. They cannot take advantage of this delay by informing this court that if the delay is continued just a little longer, they will complete their work with the bank and the partnership. I appreciate that there is need for not delaying this project and I will endeavor to minimize any delay, but I am not going to permit the plaintiff's rights to be violated simply for the sake of speed.

Section 14 of the Cooperative Corporations Law makes the corporation laws of the State applicable to co-operative corporations, except where there is a conflict in provisions. Section 63 of that law contains no provision for enforcing the holding of a meeting promptly where the directors fail to call one at all. Article 6 of the General Corporation Law vests the court with sufficient power to compel the holding of a meeting required by law where there is a prima facie showing for the need of such a meeting and the only reason for not calling it is a desire by directors, not elected and against whom charges are pending, to continue themselves in office. Such a meeting will be ordered to be held within ten days after the settlement of an order. Until that meeting is held, the temporary injunction will be granted.

With respect to the failure to call the annual meeting, the defendants are directed to call one as promptly as possible. Until such meeting is held and a board is elected, the temporary injunction will remain in effect. If delay is caused, it has been caused by the present directors' failure to comply with the law. If they wish to avoid further delay, they can do so by calling the meetings promptly.

Settle order on one day's notice.