MAE DIAMOND, as a Director and Stockholder of JAROLD SHOPS, INC., Suing on Behalf of Herself and the Right of Said Corporation, Appellant, *v*. EVELYN DIAMOND et al., Respondents.

Argued April 20, 1954; decided June 4, 1954.

264

*Jacob W. Friedman* for appellant. I. Defendant admits that she misappropriated and illegally diverted for her own benefit funds and property of the corporation, for which breaches of duty she is as a director presumptively accountable. II. There is no evidence to sustain a finding that plaintiff either participated in or ratified the misappropriation of corporate funds. III. The illegal acts complained of by plaintiff are of a character not capable of ratification, acquiescence or estoppel even though all stockholders had consented. (*Roth* v. *Robertson,* 64 Misc. 343; *Union Elec. Co.* v. *Boehm,* 92 F. Supp. 177; *Murray* v. *Smith,* 166 App. Div. 528, 224 N. Y. 40; *Schwab* v. *Potter Co.,* 194 N. Y. 409; *Capitol Wine & Spirit Corp.* v. *Pokrass,* 277 App. Div. 184; *Kent* v. *Quicksilver Mining Co.,* 78 N. Y. 159; *Sheldon Hat Blocking Co.* v. *Eickemeyer Hat Blocking Mach. Co.,* 90 N. Y. 607.) IV. The award of $30,000 to the defendant by the judgment appealed from was improper and unauthorized. (*Matter of Schwarz* v. *General Aniline & Film Corp.,* 198 Misc. 1046, 279 App. Div. 996.)

*Jay Leo Rothschild* for respondents. I. Being a participant in the despoliation of which she now complains, plaintiff may not be the champion through whom the corporation recovers — nominally for itself, but actually for her benefit, again to the extent of at least one half of whatever may be recovered, thus acquiring not less than 100% of the benefits resulting — and may not thus manipulate the corporate fiction for personal gain and in disregard of her personal complicity in the withdrawal of funds of which she complains. (*Capitol Wine & Spirit Corp.* v. *Pokrass,* 277 App. Div. 184, 302 N. Y. 734; *Home Fire Ins. Co.* v. *Barber,* 67 Neb. 644; *Kent* v. *Quicksilver Min. Co.,* 78 N. Y. 159; *Erickson-Hellekson-Vye Co.* v. *Wells Co.,* 217 Minn. 361; *Martin* v. *Niagara Falls Paper Mfg. Co.,* 44 Hun 130, 122 N. Y. 165; *Carney* v. *Penn Realty Co.,* 174 App. Div. 86; *Clark* v. *Dodge,* 269 N. Y. 410; *Jacobellis* v. *Prudential Ice & Coal Corp.,* 244 App. Div. 255, 269 N. Y. 632.) II. Plaintiff Mae Diamond is charged with responsibility for all that B. Diamond did or knew. He was her agent plenipotentiary for all purposes. (*Krumm* v. *Beach,* 96 N. Y. 398; *Hurley* v. *John Hancock Mut. Life Ins. Co.,* 247 App. Div. 547; *Mayor of City of N. Y.* v. *Tenth Nat. Bank,* 111 N. Y. 446; *Henry* v. *Allen,* 151 N. Y. 1; *Moody* v. *Smith,* 70 N. Y. 598; *Bonham* v. *Coe,* 249 App. Div. 428, 276 N. Y. 540; *Sommers* v. *Cottentin,* 26 App. Div. 241; *Thomson* v. *New York Trust Co.,* 293 N. Y. 58.) III. Since plaintiff was the recipient of B. Diamond's diversions, her pretended innocence, even if true, would be of no avail. IV. In any event, plaintiff was put on notice sufficiently to charge her with knowledge of all which inquiry would have discovered. Her failure to make any inquiry was at least gross negligence, equivalent to bad faith. (*Canajoharie Nat. Bank* v. *Diefendorf,* 123 N. Y. 191; *Guild* v. *Hopkins,* 271 App. Div. 234, 297 N. Y. 477; *Kittredge* v. *Grannis,* 244 N. Y. 168; *Soma* v. *Handrulis,* 277 N. Y. 223; *Wright* v. *Bartholomew,* 66 App. Div. 357; *State Bank of Binghamton* v. *Bache,* 162 Misc. 128; *Bank of United States* v. *Cooper-Bessemer Corp.,* 146 Misc. 20; *Porter* v. *Beha,* 8 F. 2d 65; *Dresser* v. *Bates,* 250 F. 525, 251 U. S. 524.) V. Taking plaintiff's own testimony at face value, she was guilty of inexcusable and gross negligence as a director and was a joint tort-feasor with B. Diamond and

defendant Evelyn Diamond. (*Manson* v. *Curtis*, 223 N. Y. 313; *Cuppy* v. *Ward*, 187 App. Div. 625.) VI. Plaintiff's criticisms of the award for counsel fees and expenses are without substance or foundation. In any event, this appeal does not embrace any issue as to the amount awarded, but solely the question as to whether the court had power to make allowances. (*Matter of Schwarz* v. *General Aniline & Film Corp.*, 305 N. Y. 395; *Dornan* v. *Humphrey*, 278 App. Div. 1010; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161; *Salzman* v. *Prudential Ins. Co.*, 296 N. Y. 273; *Capitol Wine & Spirit Corp.* v. *Pokrass*, 277 App. Div. 184, 302 N. Y. 734.)

DESMOND, J. We agree for affirmance of so much of the judgment appealed from as dismisses the complaint. We strike out, however, so much of that judgment as, on the supposed authority of section 64 of the General Corporation Law, awards to defendant as against Jarold Shops, Inc., $30,000 for her attorneys' fees and expenses. The effect of that award is this: although plaintiff and defendant, sole stockholders of Jarold Shops, Inc., were equally guilty of flagrant and continued wrongdoing, as between themselves and as between each of them and their corporation, defendant's legal expenses will be paid by the corporation, while plaintiff must pay her own. So unconscionable a result, so unfortunate a preference of one wrongdoer over another, should not be countenanced if there be any escape therefrom.

The trial court found that these two people had participated in and carried out a conspiracy to mulct the corporation of money and property, that each was a guilty participant, and that each enjoyed the ill-gotten gains of the enterprise. Therefore, held the court, the suit, brought on behalf of the wronged corporation, had to be dismissed under the theory of *Capitol Wine & Spirit Corp.* v. *Pokrass* (302 N. Y. 734) (see *Home Fire Ins. Co.* v. *Barber*, 67 Neb. 644; *Kent* v. *Quicksilver Min. Co.*, 78 N. Y. 159). The rule is that, when stockholders are individually estopped from questioning wrongs done their corporation, they cannot redress those same wrongs through a suit brought directly by the corporation or derivatively, by themselves, for the corporation. So it was rightly held here that this plaintiff, estopped by knowledge, ratification and participation,

could not, by way of a stockholder's suit, have judgment against her coconspirator, for those wrongs.

All this should, it seems, be ample warrant for denying to both, or either of these stockholders, payment, out of the corporate till, of their court expenses. But Special Term found in section 64 of the General Corporation Law a mandatory requirement that, since defendant was sued as a director and officer, and since no judgment was entered against her, the corporation must reimburse her for her attorneys' fees and other litigation expenses. We find no such command in that statute. Its direction for payment of such expenses, by a corporation, to a person made a party " by reason of the fact " that he is an officer, director or employee thereof, is subject to an exception which here applies. Assessment against the corporation of that person's expenses is not to be ordered " in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such officer, director or employee is liable for negligence or misconduct in the performance of his duties." Of course, if that word " adjudged " must be limited in its application to the actual entry of a money judgment against the officer, director or employee, the exception is inapplicable. But " adjudged " is not so completely a word of art or of such technical meaning (see 2 Words and Phrases, p. 411 *et seq.*) that we cannot seek out the obvious legislative intent. Section 64, changing the common-law rule that each party pays his own lawyer, is to be construed strictly (see *Matter of Schwarz* v. *General Aniline & Film Corp.*, 305 N. Y. 395, 405). Rewarding faithless officers and directors was no part of its purpose. In all reason and common sense, this defendant has been, in the affirmed findings below, " adjudged * * * liable for * * * misconduct in the performance of his [her] duties ". It is no answer that no one (except the United States Treasury) was hurt, or that the principal apparent purpose of the secret withdrawals of corporate funds was to cheat on corporate (and individual) income taxes. We are not being merely rhetorical when we assert that such cheating is a wrong *to the corporation.*

Quite appropriate to the construction of section 64 is the language of *Briggs* v. *Easterly* (62 Barb. 51, 60-61): " To impute such an intention would be an unjust and unmerited reproach upon the statute, and the legislature which enacted it.

It would place the statute in opposition to the fundamental principles not only of law but of good conscience and morals.''

The judgment should be modified by striking out the award to defendant for attorneys' fees and other expenses.

The judgment of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed, with costs.

LEWIS, Ch. J., CONWAY and VAN VOORHIS, JJ., vote to affirm the judgment, in the following memorandum: We agree with Special Term and with the Appellate Division that defendant is entitled to an allowance for expenses in this derivative action, which section 64 of the General Corporation Law requires to be paid '' except in relation to matters as to which it shall be adjudged in such action, suit or proceeding that such officer, director or employee is liable for negligence or misconduct in the performance of his duties.'' In order to determine whether such an allowance shall be paid, it is necessary to look to the judgment, which, in this action, contains no determination that the defendant has been guilty of negligence or misconduct. There is no adjudication of tax evasion in this action. If found guilty of such charges, the parties have been or will be required to meet the consequences as an independent wrong not adjudicated herein. Neither does this judgment determine that defendant has wronged plaintiff or the corporation, to whatever extent these two women, who are the sole stockholders, may each have tried to best the other. What the judgment decides is simply that the withdrawals which they made from the corporation were accomplished by mutual consent or ratification by themselves or their husbands, now deceased, who comprised the holders of all outstanding shares. A determination that there has been unanimous stockholder consent or ratification, under *Kent* v. *Quicksilver Min. Co.* (78 N. Y. 159) and the other cases cited in *Capitol Wine & Spirit Corp.* v. *Pokrass* (277 App. Div. 184, affd. 302 N. Y. 734) is not an adjudication of '' negligence or misconduct '' within the meaning of section 64 of the General Corporation Law.

DYE, FULD and FROESSEL, JJ., concur with DESMOND, J.; LEWIS, Ch. J., CONWAY and VAN VOORHIS, JJ., dissent in a memorandum.

**Judgment accordingly.**