■ SAMUEL GILBERT, as Stockholder of Glen Alden Corporation, Suing on Behalf of Himself and All Other Stockholders Similarly Situated, Respondent, v. FRANCIS O. CASE, et al., Defendants, and GLEN ALDEN CORPORATION, Appellant.— In a stockholder's derivative action, the appeal is from an order holding in abeyance appellant's motion, made pursuant to section 61-b of the General Corporation Law: (1) to require respondent to give security of $25,000 " for the reasonable expenses, including attorneys' fees, which may be incurred " by it " in connection with its motion, based upon its special appearance herein, to vacate  *  *  *  the attempted service upon it of the summons and complaint ", and (2) pending the giving of such security, to stay the respondent from proceeding in the action. Said order purports to hold in abeyance the determination of the said motion " pending the receipt of the referee's report and the determination of the present pending motion to vacate the service of process " on appellant. Order affirmed, with $10 costs and disbursements. Respondent urges dismissal of the appeal on the ground that the order is not appealable. In our opinion, the order, under the circumstances here, is appealable. Despite its form and phraseology, for all practical purposes it constitutes, in effect, a present denial of appellant's motion for security and for a stay. The opinion of the Special Term clearly indicates such an intent. To have any practical value the security obviously would have to be given in advance of the hearings on the pending motion to vacate the service of process, and not after its determination. Hence, disregarding the form of the order and giving heed to its substance, its intent and its immediate practical consequences, it constitutes a denial of the motion for security, it clearly affects a substantial right of the appellant, and it is therefore appealable (Civ. Prac. Act, § 609, subd. 4). Appellant, a foreign corporation, first made a motion, under a special appearance, to vacate the service of process upon it on the ground that it was not doing business in this State and hence was not subject to the jurisdiction of our courts. The Special Term referred to an unofficial referee, for hearing and report, the issues of fact arising upon that motion. Before the commencement of the hearings appellant, still appearing specially, made the present motion, pursuant to section 61-b of the General Corporation Law to compel respondent to give security of $25,000, the purpose of such security being expressly limited to the expenses which may be incurred by appellant incident to its pending motion to vacate the service of process. The Special Term made an order which, as stated, we construe as a denial of appellant's motion for security. The motion was properly denied. However, our affirmance of the order is based upon reasons other than those stated in the opinion of the learned Justice at Special Term. In our opinion the statute (General Corporation Law, § 61-b, added by L. 1944, ch. 668) may be invoked by a foreign corporation provided that it is doing business here and thus subjects itself to the jurisdiction of the courts of this State (cf. General Corporation Law, § 68, subd. a; *Shielcrawt* v. *Moffett*, 184 Misc. 1074, 1077; *Miller* v. *Quincy*, 179 N. Y. 294, 297–299; *German-American Coffee Co.* v. *Diehl*, 216 N. Y. 57, 62–64; *Elish* v. *St. Louis Southwestern Ry. Co.*, 305 N. Y. 267, 269).

In any event the statute (General Corporation Law, § 61-b) is designed primarily to protect the corporation by reason of its statutory obligation to indemnify and reimburse its directors — the real defendants in the action — for the expense incurred by them in defending themselves on the merits, in establishing that the allegations of wrongdoing made against them are baseless or unfounded, and in proving that they are not guilty of negligence or misconduct in relation to the wrongful acts alleged (General Corporation Law, art. 6-A, §§ 63–68; *Shielcrawt* v. *Moffett*, 294 N. Y. 180, 190; *Lapchak* v. *Baker*, 298 N. Y. 89, 94–95; *Gordon* v. *Elliman*, 280 App. Div. 655, 661, affd, 306 N. Y. 456; *Matter of Schwarz* v. *General Aniline & Film Corp.*, 305 N. Y. 395, 400–401, 404–405; *Diamond* v. *Diamond*, 307 N. Y. 263). The present motion for security, however, has no connection with the expense to be incurred by reason of the defense of the action. The avowed purpose of the motion is to obtain security which would, in effect, facilitate the foreign corporation's escape from the jurisdiction of the courts of this State and thus frustrate the determination of the merits of the action. To permit the statute (General Corporation Law, § 61-b) to be invoked for such a purpose, would be to pervert its intention. If appellant, a foreign corporation, were to be rendered immune from the jurisdiction of the courts of this State it would also be rendered immune in this State from the very expense for which the statutorily prescribed security was designed. Any construction of the statute which would aid the foreign corporation to oust the court's jurisdiction over it, would therefore be repugnant to the whole legislative scheme in the enactment of the statute (see cases cited *supra*; see, also, the Governor's memorandum accompanying approval of L. 1944, ch. 668 [Public Papers of Gov. Thomas E. Dewey (1944), p. 255]). Moreover, such a construction would violate the well-established rule that every statute in derogation of the common law must be strictly construed (*Diamond* v. *Diamond*, 307 N. Y. 263, 267, *supra*; *Matter of Schwarz* v. *General Aniline & Film Corp.*, 305 N. Y. 395, 404–405, *supra*). Wenzel, Beldock, Ughetta and Hallinan, JJ., concur; Nolan, P. J., concurs in the result.