Edward **RITTER**, on behalf of himself
and all others similarly situated,
Plaintiff,

v.

**HILO VARNISH CORPORATION** and
William E. Fierman, John G. Legg, William C. Miller and Albert C. Leguori,
its officers and directors, and Carpenter-Morton Company, Defendants.

United States District Court
S. D. New York.

June 3, 1960.

Molloy & Fletcher, Manhasset, N. Y.,
Robert V. Rafter, Manhasset, N. Y., of
counsel, for plaintiff.

Bannister, Stitt, Holloway & Krause,
New York City, Lemuel Bannister, Jr.,
New York City, of counsel, for defendant Hilo Varnish Corporation.

HERLANDS, District Judge.

As the title of this action indicates, it
has been brought by "Edward Ritter, on
behalf of himself and all others similarly
situated." It is brought against Hilo
Varnish Corporation, four of its officers
and directors, and a sixth defendant, said
to be the parent of Hilo.

The complaint alleges that the plaintiff
was and is a stockholder of Hilo, owning
126 shares of its common stock; that the
plaintiff brings this action on behalf of
himself "and all other holders of common
stock of Hilo Varnish Corporation similarly situated"; that, by virtue of certain contracts entered into by and between the defendants for fraudulent purposes, Hilo's assets have been depreciated
and wasted, its financial position impaired; and that "as a result of the
aforementioned damage inflicted upon defendant Hilo Varnish Corporation, the
value of plaintiff's interest in Hilo Varnish Corporation has been substantially
diminished all to his individual damage
and detriment."

After alleging facts ostensibly excusing demand upon the defendants to bring
the instant suit, the complaint in its
prayer for relief demands an accounting;
and that Hilo have judgment against
various of the defendants to the extent

that the money or property of Hilo has been wrongfully disbursed or wasted; and, finally, that Hilo have judgment against the other corporate defendant in an amount representing accounts receivable and payable by the latter to Hilo.

Hilo has now moved for an order, pursuant to Section 61–b of the New York General Corporation Law, McKinney's Consol.Laws, c. 23, requiring the plaintiff to furnish security for expenses, including reasonable counsel fees, which may be incurred by it in connection with the above-entitled action.

 The plaintiff owns 126 shares out of a total of approximately 18,300 shares of Hilo. Aside from attacking Hilo's estimates of prospective expenses, the plaintiff contends that this suit is a stockholders' *representative* action, but not a stockholders' *derivative* action. If the plaintiff is correct, Section 61–b of the New York General Corporation Law would not apply; for it is applicable only to stockholders' derivative suits. See 2 Hornstein, Corporation Law and Practice Sections 601, 602, 722 (1959). However, an analysis of the complaint herein discloses quite clearly that, regardless of the plaintiff's present characterization, the action is in reality a stockholders' derivative action and not merely a stockholders' representative action. See 2 Hornstein, Corporation Law and Practice Sections 601, 602, 722. Applying Professor Hornstein's analysis, the court is of the opinion that the action at bar is an action in the "right" of the corporation, and that it is on behalf of the corporation. See Schreiber v. Butte Copper & Zinc Co., D.C.S.D.N.Y.1951, 98 F.Supp. 106; Gordon v. Elliman, 1st Dept. 1952, 280 App.Div. 655, 116 N.Y.S.2d 671; Davidson v. Rabinowitz, Sup.1951, 140 N.Y.S.2d 875; Lennan v. Blakeley, Sup. 1948, 80 N.Y.S.2d 288.

It may be that the complaint is defective in that the complaint does not allege that the plaintiff is suing on behalf of the corporation (see 2 Hornstein, Corporation Law and Practice Section 711), although that point has not been presented to the court.

In any event, it is concluded that the plaintiff should furnish security in accordance with section 61–b of the New York General Corporation Law. Under the circumstances here disclosed, the court is of the opinion that, at the present time, the sum of $5,000 security is conservatively fair.

Settle order in accordance with the views expressed herein, which order should be settled within 10 days from the date hereof.