Edward RITTER, on behalf of himself and all others similarly situated, Plaintiff,

v.

HILO VARNISH CORPORATION, William E. Fierman, John G. Legg, William C. Miller and Albert C. Leguori, its officers and directors, and Carpenter-Morton Company, Defendants.

United States District Court
S. D. New York.
Sept. 2, 1960.

Molloy & Fletcher, Manhasset, N. Y., for plaintiff (Robert V. Rafter, Manhasset, N. Y., of counsel).

Bannister, Stitt, Holloway & Krause, New York City, for defendant Hilo Varnish Corp.

Webster, Sheffield & Chrystie, New York City, for defendant Carpenter-Morton Co.

RYAN, Chief Judge.

Plaintiff moves under Rule 60(b) F.R. Civ.P., 28 U.S.C. to vacate the judgment of dismissal entered by the Court on August 11, 1960, and for leave thereafter to move for summary judgment upon the motion papers filed on July 18, 1960.

Suit was filed on August 19, 1959. It is a stockholders' derivative action. The jurisdiction is predicated on diversity.

Plaintiff is a stockholder of the Hilo Varnish Corporation, owning 126 of the 18,347 shares of common stock outstanding. It is alleged that through the fraudulent actions of the defendants, Hilo Varnish Corporation's financial position was impaired with the consequent damage to that corporation and to the plaintiff's interest therein. The complaint prays for an accounting and judgment for all property which has been "wrongfully and fraudulently paid out or disbursed or delivered or which has in any manner been lost or wasted." It also asks that Hilo Varnish have judgment against defendant Carpenter-Morton Corporation for all monies due to Hilo Varnish, and for further just and proper relief, together with costs and counsel fees. The answers filed deny in substance the allegations in the complaint except for those items relating to corporate status and the like.

This Court (Herlands, J.) entered an order on May 19, 1960, staying all proceedings pending determination of defendants' motion to require plaintiff to post security pursuant to Section 61-b of the General Corporation Law of New York, McKinney's Consol.Laws, c. 23. Later on June 3, 1960, Judge Herlands rendered an opinion, D.C., 185 F.Supp. 43, and entered an order on June 14, 1960, directing plaintiff to give security in accordance with Section 61-b in the sum of $5,000 within thirty days from the service of a copy of that order with notice of entry. The order further provided that, if the plaintiff should fail to post such security, the action would be dismissed upon the submission of an ex parte order.

On July 22, 1960, we entered an order modifying the order of Judge Herland (in his absence) to the extent that (1) the time for plaintiff to post security was extended until August 9, 1960; (2) all proceedings were stayed at that time until that date or the posting of such security, whichever was prior in time; (3) the plaintiff's motion for summary judgment was adjourned to August 9, 1960; and (4) that in the event that plaintiff does not post a bond or security as required by the orders entered, an order submitted ex parte by the defendant will be signed dismissing the suit.

As plaintiff failed to furnish the security, judgment was entered on August 11, 1960 (Ryan, Ch. J.) dismissing this suit with costs and disbursements to defendants. A notice of appeal was filed by the plaintiff to the Court of Appeals for the Second Circuit from the order entered on July 22, 1960, and from the judgment entered on August 11, 1960.

On August 30, 1960, plaintiff made the application which is presently before the Court.

Before passing on the merits of this motion, we must determine if it may be entertained in view of the appeal pending in the Court of Appeals.

█ █ It is settled that the District Court may correct or modify a record on appeal if anything material to either party is omitted or incorrectly recorded. See Rule 75 of the Federal Rules of Civil

Procedure, Title 28, U.S.C. This is done to perfect the record on appeal. Moreover, it is equally clear that appeals will lie only from final judgments, and that the judgment in the instant case is terminal and final. Title 28 U.S.C. § 1291; Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed.1528; St. Louis, I. M. & S. R. R. Co. v. Southern Express Co., 1883, 108 U.S. 24, 2 S.Ct. 6, 27 L.Ed. 638; United States v. River Rouge Imp. Co., 1926, 269 U.S. 411, 46 S.Ct. 144, 70 L.Ed. 339; see also Sprague v. Ticonic Nat. Bank, 1939, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Arnold v. United States for Use of W. B. Guimarin & Co., 1923, 263 U.S. 427, 44 S.Ct. 144, 68 L.Ed. 371.

■ The instant motion in no way can be deemed one made to perfect the record on appeal. Therefore, on this basis, this motion must be denied, Miller v. United States, 7 Cir., 1940, 114 F.2d 267; Harper Bros. v. Klaw, 2 Cir., 1921, 272 F. 894, as not within the power of the Court at this time.

However, to dispose of this action in all aspects, the Court will now concern itself with the merits of the instant motion.

Plaintiff bases his claim for the relief sought on the grounds that justice has been obstructed through the alleged malfactions of defendants and that the judgment entered should be vacated pursuant to Rule 60(b). The specific acts complained of may be reduced to the alleged avoidance of the taking of depositions and other alleged dilatory tactics so that the plaintiff was unable to move for summary judgment before the period of grace which plaintiff enjoyed for the posting of security had expired.

The thrust of the argument is that the issue is not whether Section 61–b of the New York General Corporation Law required a stay of all proceedings and the posting of security but rather whether this Court will penalize the plaintiff for these alleged malfactions of the defendants. Plaintiff also asserts that this provision of the New York General Corporation Law is not binding and distin-guished the case of Cohen v. Beneficial Industrial Loan Corp., supra. The Court disagrees with all these contentions.

■ We find that defendants did not act in such a manner as to penalize plaintiff in the prosecution of his suit. Moreover, the Court must apply the substantive law of New York (Section 61–b of the General Corporation Law) in the instant case. Cohen v. Beneficial Industrial Loan Corp., supra; Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of New York v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; see also Keller Research Corp. v. Roquerre, D.C. S.D.Cal.1951, 99 F.Supp. 964.

In the landmark case of Cohen v. Beneficial Industrial Loan Corp., supra, Mr. Justice Jackson speaking for the Court set forth the rule that statutes of the type in issue in the instant proceedings must not be deemed remedial or procedural but rather that these statutes create a substantive right within the purview of the Erie R. Co. v. Tompkins doctrine:

"But this statute is not merely a regulation of procedure. With it or without it the main action takes the same course. However, it creates a new liability where none existed before, for it makes a stockholder who institutes a derivative action liable for the expense to which he puts the corporation and other defendants, if he does not make good his claims. Such liability is not usual and it goes beyond payment of what we know as 'costs.' If all the Act did was to create this liability, it would clearly be substantive. But this new liability would be without meaning and value in many cases if it resulted in nothing but a judgment for expenses at or after the end of the case. Therefore, a procedure is prescribed by which the liability is insured by entitling the corporate defendant to a bond of indemnity before the outlay is incurred. We do not think a statute which so conditions the stockholder's action can be

disregarded by the federal court as a mere procedural device." 337 U.S. at pages 555–556, 69 S.Ct. at page 1230.

Motion must be denied. So ordered.