**In re ORBITEC CORPORATION,**
**Bankrupt.**
**May McCORMACK, Plaintiff,**
v.
**Robert B. SCHINDLER, Trustee,**
**Defendant.**
**No. 66–B–636.**

United States District Court,
S. D. New York.

Feb. 28, 1975.

Joel I. Genzer, New York City, for plaintiff.

Zalkin, Rodin & Goodman, New York City, for defendant; Richard Toder, New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This matter involves two related appeals by plaintiff-appellant, May McCormack ("McCormack") from adverse rulings by the bankruptcy judge in favor of the trustee in bankruptcy of Orbitec Corporation, and an "independent action" in the district court seeking relief from one of the adverse determinations. Orbitec Corporation was adjudicated a bankrupt on an involuntary peti-

tion in bankruptcy filed on August 12, 1966 by McCormack.

On October 6, 1969, McCormack filed a petition in the bankruptcy court directing that the trustee turn over to her insurance proceeds approximating $40,000, the sole asset of the estate. She alleged that she held assignments of the proceeds as security for an indebtedness owing by Orbitec Corporation; purported assignments allegedly were signed on behalf of Orbitec by her son, Owen McCormack, an officer and director of Orbitec. On December 3, 1973, the bankruptcy judge scheduled a hearing on the petition for April 23, 1974. Notice of the hearing was given McCormack on at least four dates, December 3, 1973, April 1, 1974, April 4, 1974 and April 22, 1974, with the advice that because the trial date was marked peremptorily, no adjournments would be granted. Nevertheless, neither McCormack nor counsel or any other representative appeared on her behalf the day before the first scheduled hearing. The bankruptcy judge did receive a letter from a doctor typed on the stationery of another physician indicating that McCormack was suffering pain from an internal condition and, as the bankruptcy judge states, vaguely mentioning "that Mrs. McCormack was admitted to a hospital for 'tests and treatment' without stating when this occurred or for what period of time she was confined to the hospital." [1]

The bankruptcy judge also found that McCormack's son, Owen McCormack, was an important witness most familiar with the transaction; he was president of Orbitec Corporation and, as noted, signed the documents on behalf of Orbitec Corporation. Although he too had been notified of the hearing date, he also failed to appear and no valid excuse was offered for his nonappearance. Indeed his failure to appear was deliberate, as

he put it, because of the "insulting attitude" of the attorney for the trustee in refusing an adjournment.

At the April 23 hearing the bankruptcy judge took testimony from the trustee in bankruptcy and from Emil M. Murad, a former director, officer and stockholder of Orbitec Corporation. Murad testified that at no time did the Board of Directors or the shareholders ever authorize, approve, ratify or consent to the purported assignment of the insurance proceeds of Orbitec to McCormack. Based upon that testimony and the exhibits introduced in evidence, the bankruptcy judge found that the purported assignments of the insurance proceeds were wholly void and invalid and, on May 16, 1974, denied McCormack's reclamation petition. On May 25, 1974 an appeal was filed asserting that the bankruptcy judge had not noted properly McCormack's default.

■ Pursuant to Bankruptcy Rule 810, the district court, on an appeal from a bankruptcy judge's order, "shall accept the referee's findings of fact unless they are clearly erroneous." [2] Upon the record on appeal and the findings of fact, conclusions of law and order of the bankruptcy judge dated May 16, 1974, this court cannot say that the findings of fact resulting in the bankruptcy judge's noting the default of McCormack are clearly erroneous. To the contrary, any other finding would be contrary to the evidence. Accordingly, the order of the bankruptcy judge dated May 16, 1974 is affirmed.

On June 29, 1974, subsequent to the filing of the notice of appeal, McCormack moved before the bankruptcy judge for relief from the May 16, 1974 order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The matter was argued on July 3, 1974, and on July 23, 1974 the bankruptcy judge denied the motion, holding that the

---

1. Decision Denying Motion for Relief from Judgment, p. 4.

2. See also Bankruptcy Rule 752(a).

bankruptcy court lacked jurisdiction due to the pendency of the appeal.[3]

██ In an analogous situation our Court of Appeals has stated that the district court should first determine whether it would grant the motion; only in that event "is the necessary remand by the court of appeals to be sought."[4] Here the bankruptcy judge applied that procedure and held that if jurisdiction did exist, he would nevertheless deny the motion because there was no merit to McCormack's claim and her default was inexcusable. No appeal was taken from this decision denying relief under Rule 60(b). Instead, on August 13, 1974, McCormack commenced, by order to show cause, what is labelled an "Independent Action" in the district court seeking relief from Judge Herzog's order of May 16, 1974 denying her reclamation petition. A motion under Rule 60(b), which is applicable to bankruptcy cases by Bankruptcy Rule 924, and an independent action are modes of alternative relief; they are not cumulative. In the present case, the relief sought was under Rule 60(b) which, although improperly presented to the bankruptcy court in the first instance, was denied by that court on its merits. The district court thus has the benefit of the bankruptcy judge's findings and could disturb them only if there was an abuse of discretion apparent from the record. Based on the totality of the record before this court, the "independent action" should be dismissed and the order to show cause should be quashed.

Finally, on or about May 13, 1974, McCormack commenced an adversary proceeding in the bankruptcy court claiming ownership of the insurance proceeds on the theory that a debenture issued by Orbitec Corporation to McCormack on June 1, 1960 created property rights in such proceeds. The trustee moved to dismiss the complaint and McCormack, by cross motion, moved for summary judgment. On July 23, 1974, the bankruptcy judge granted the trustee's motion on the ground that McCormack's action was barred by the doctrine of res judicata and, accordingly, also denied McCormack's cross motion. That order is the subject of the second appeal before this court.

██ In his decision the bankruptcy judge noted that the adversary proceeding seeks the same fund that was the subject of the prior petition filed October 6, 1969, which resulted in the decision adverse to McCormack dated May 16, 1974. Thus, the bankruptcy court held that the doctrine of res judicata makes final and conclusive a judgment on all matters that were or should have been adjudicated, citing 1B Moore, Federal Practice ¶ 0.405 (2d ed.). A new proceeding cannot be commenced by the same claimant to obtain these insurance proceeds every time a different legal theory is raised. All theories upon which relief can be sought should be presented in a single proceeding, otherwise the doctrine of finality and res judicata would be meaningless. A party cannot "escape the effect of the adverse determination by clothing the claim in different garb."[5] The order of the bankruptcy judge, treating the trustee's motion as a motion for summary judgment and granting the motion is affirmed.

In conclusion, the two orders of the bankruptcy judge are affirmed, the "independent action" is dismissed with prejudice and the order to show cause is quashed.

---

3. Weiss v. Hunna, 312 F.2d 711, 713 (2d Cir.), cert. denied, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963). *See also*, Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442 (2d Cir. 1967); Aune v. Reynders, 344 F.2d 835, 841 (10th Cir. 1965); Ritter v. Hilo Varnish Corp., 186 F.Supp. 625 (S.D.N.Y.1960).

4. Ryan v. United States Lines Co., 303 F.2d 430, 434 (2d Cir. 1962).

5. Frost v. Bankers Commercial Corp., 11 F. R.D. 195 (S.D.N.Y.1951), aff'd, 194 F.2d 505 (2d Cir. 1952).