JOHN H. GARBARINO, Appellant, *v.* UTICA UNIFORM COMPANY, INC., Respondent.

Fourth Department, October 31, 1945.

*Albert V. Moore* for appellant.

*M. Francis Malone* for respondent.

HARRIS, J. Review is sought here of the judgment entered on a verdict adverse to the plaintiff-appellant and from an order

denying a motion made at the end of the defendant's case by the plaintiff for direction of a verdict in favor of the plaintiff and denying a further motion to set aside the verdict. The suit is one brought by the plaintiff against the defendant corporation for services which the plaintiff claimed he rendered (under a contract with the defendant corporation) as treasurer of the corporation and for promoting and building up the good will of the defendant corporation among its customers.

The defense was that the plaintiff, as a director of the defendant corporation, illegally joined with other directors to defraud the defendant corporation of the amounts now claimed as salary by the plaintiff.

The record before us is somewhat incomplete, as it does not contain all of the testimony, but, as such record is stipulated by interested counsel and settled by the trial court, this appeal is to be decided on such record.

The facts shown by the record are as follows: The defendant incorporated in June, 1924, and succeeded in business, and took over the business of, a partnership consisting of William M. Simmerer and John Cannan. Some few years later, there entered into the employ of the defendant corporation the plaintiff and one William F. Shanley. Mr. Cannan, the plaintiff and Mr. Shanley were actively engaged as salesmen for the product of the defendant which was sold largely to mail carriers throughout the eastern section of the United States. The sales duties kept these men on the road the greater portion of the year. The stock of the corporation, at the times of the transactions of which complaint is made in the answer, consisted of 1,000 shares held as follows: Mr. Cannan 510 shares, the plaintiff 12 shares, Mr. Shanley 30 shares, and Mr. Simmerer 437 shares. The remaining shares were held scatteringly and, at the time of the beginning of this litigation, apparently had become the property of the larger interests. On December 11, 1937, the president issued to the stockholders a notice to the effect that a meeting of the stockholders would be held December 27, 1937, for various purposes, including "whether or not the office of treasurer should be separately held, and whether or not John Garbarino should be elected thereto at a salary of $500.00 per annum." There is no record of such stockholders' meeting being held, but on the 27th day of December, 1937, there was a meeting of the board of directors of the corporation. The minutes of such meeting show that the following directors were present: Cannan, Shanley, Garbarino, and, as such minutes are signed by Mr. Simmerer, it is fair to assume that he either

was present or had cognizance of the meeting. What probably happened with the stockholders' meeting was that the board of directors' meeting was held as a stockholders' meeting. At such meeting, on the motion of Mr. Cannan, seconded by Mr. Shanley, there was set up the office of treasurer, and the plaintiff was elected to that office at an annual salary of $500. The motion was unanimously carried. At the annual meeting, December 31, 1938, and at the annual meeting, December, 1939, on motion of Mr. Cannan, seconded by Mr. Shanley, the plaintiff was continued as treasurer at the same salary. At the December, 1940, meeting, on the advice of Mr. Malone, now attorney for the defendant-respondent, the minutes which originally read to the effect that the plaintiff was to continue as treasurer at an annual salary of $500, were changed to read " that in view of the faithful service rendered by John Garbarino he be granted a bonus of $500." The plaintiff voted in favor of the action affecting his salary and later bonus. In this suit, he demands payment at the rate of $500 per annum from January 1, 1938, to June 30, 1941, at which time he severed his relationship with the defendant corporation. The total demanded is $1,750, with interest. In addition to denying liability, the answer set up a counterclaim of the defendant corporation against the plaintiff for the amount of $111.89, overdrawn for expense account; concerning such amount there is no dispute, and on the dismissal of the complaint there was entered judgment against the plaintiff for such sum of $111.89, interest and costs. During the times in question, Shanley held the office of vice-president of the corporation at an annual salary of $1,000, part of which was unpaid. Suit was brought for the amounts claimed to be due Shanley by his alleged assignee, one Diamond, and the Diamond action and this present action were put on trial together; however, proof failed on the question of assignment to Diamond, and the actions for Shanley's claims were nonsuited, and the trial proceeded only on the claim of the plaintiff-appellant, with the result above stated. Although it is claimed Mr. Simmerer had protested from the beginning against the election of Garbarino as treasurer, and the payment of such salary, the record shows that as secretary he authenticated the minutes of the meeting of December, 1937, and then not until 1942 did he lay the basis of a stockholders' action by filing with the corporation and its directors a demand that action be taken against Garbarino for restitution  There is no testimony of Mr. Simmerer in the record. Mr. Cannan died in 1941, prior to the commencement of this action. The figures of the

business of the defendant corporation, during the years that Mr. Garbarino was named to act as treasurer, are not complete in the record, but from what is in the record it may be deduced that it was a fairly small business and depended for its success upon the salesmanship of Cannan, Garbarino (the plaintiff) and Shanley. There was proof that Garbarino, although named as treasurer, did not take personal charge of the bank account insofar as making deposits and signing checks were concerned; he could not well do so because the major part of the year he was on the road. On the other hand, the by-laws authorized and so did the directors certain employees to make deposits and the making of checks by the president. Proof is present that from December, 1937, to June 30, 1941, the period for which Garbarino sought payment for salary as treasurer, in this action, he attended meetings of the board of directors, which were sometimes held in Utica, the home office, and sometimes at points where the directors would meet while traveling on the road, and that from time to time Garbarino secured and furnished information and made plans valuable to the business of the defendant corporation. He was paid by commissions for the result of his salesmanship. Probably Garbarino did not perform some of the usual duties of a treasurer and the use of that title may have been made so that under that guise he could be paid a small sum (in addition to his commissions), so as to gain extra services from him for the corporation. The fact that these extra services were performed establishes that there was no looting of the assets of the corporation.

To the facts in the record, as set forth above, we must apply the applicable rules of law. " Subject to interference by the courts in cases of clear abuse, the directors of a corporation, acting as a body, have the right to fix the compensation of executive officers for services rendered to the corporation. The directors are the persons chosen by the stockholders to pass upon such matters, and ordinarily their decision as to the amount of compensation is final. The fact that the officer whose compensation is voted by the board is also one of the directors does not vary the rule." (*Bull & Co., Inc.,* v. *Morris,* 132 Misc. 509; *Lewis* v. *Matthews,* 161 App. Div. 107; *Gamble* v. *Q. C. W. Co. et al.,* 123 N. Y. 91.) A director stands somewhat in the position of a trustee and in matters affecting himself as concerning the interests of the corporation he must deal at arm's length against himself on behalf of the corporation. If a contract beneficial to him is made by the corporation and he takes part in the adoption by the board of directors of such contract,

then the action of the board is voidable if such contract was made in bad faith or in fraud of the interests of the corporation. (*Kranich* v. *Bach,* 209 App. Div. 52.) '' The court would not be justified in interfering even in doubtful cases where the action of the majority might be susceptible of different constructions.'' (*Gamble* v. *Q. C. W. Co. et al.,* 123 N. Y. 91, 99; *Herman* v. *Gutman,* 244 App. Div. 694.) The facts in this record do not show any violation of these rules of law. The amount per annum ($500) voted as a salary of the plaintiff as treasurer is not large. He performed duties other than those contained in salesmanship. During the period for which he demands a salary, his conduct and his services had the approval of a large majority of the stock interests. There is nothing herein which shows bad faith or fraud on the stockholders and, on the other hand, the record shows the usual picture of a small corporation having as its officers certain faithful employees performing at least small duties, for the benefit of the corporation, in addition to their main employment. Fraud cannot be seen in this record and, although the plaintiff bore the burden of proof, he has established by the record that he was entitled to his salary as treasurer.

The judgment from which appeal is taken should be reversed and on the undisputed facts in the record there should also be reversed the order denying the plaintiff's motion for a directed verdict, and this motion of his should be granted to the amount claimed in the complaint ($1,750) less the conceded counterclaim of $111.89, with interest on that amount, and for costs.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LOVE, JJ.

Judgment and order reversed on the law, with costs, and judgment directed in favor of the plaintiff in accordance with the opinion, with costs.