■ WILLIAM L. WINTER, as Trustee for LILY B. SHEFLAN, on Her Behalf and in the Right of NATIONAL REPROGRAPHICS, INC., et al., Appellants-Respondents, v MADELINE BERNSTEIN et al., Respondents-Appellants, and NATIONAL REPROGRAPHICS, INC., Respondent. (And a Third-Party Action.)—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered February 25, 1991, which, *inter alia,* granted defendants' motion to dismiss the first cause of action, except with respect to compensation paid in 1989 and thereafter, and dismissed the second and third causes of action of the complaint with leave to replead, unanimously modified on the law to dismiss the second cause of action with prejudice, and otherwise affirmed, without costs.

In this action, the plaintiffs, a life tenant in certain shares of a closely held subchapter "S" corporation, and the trustee of another life tenant, allege mismanagement of the corporation's affairs.

The first cause of action alleges that excessive salaries have been paid to corporate officers. However, in view of the fact that plaintiff Sheflan was a board member from 1981 to 1989, and never challenged these salaries, and that all shareholders received copies of minutes of the meeting at which the salaries were approved, without voicing any objection, there was a complete ratification and acquiescence. That the salaries consisted of a fixed monetary amount plus a percentage of profits does not undermine the efficacy of the ratification, as the formula applied was simple, and the computations readily accomplished.

The second cause of action, alleges conversion by defendants as a result of the alleged excessive salaries was improperly brought as an individual cause of action *(Abrams v Donati,* 66 NY2d 951, 953). Also, since plaintiffs cannot demonstrate that they have superior possessory rights to specifically identifiable property, no cause of action will lie *(Aetna Cas. & Sur. Co. v Glass,* 75 AD2d 786). Accordingly, the second cause of action is dismissed without leave to replead.

Plaintiffs maintain that it was error for the board not to declare all the earnings of the corporation as dividends. As with the compensation issue, ratification and acquiescence bars plaintiffs' claims up until 1989. *(See, Diamond v Diamond,* 307 NY 263, 266.) Accordingly, the third cause of action was properly dismissed with leave to replead derivatively *(see, Abrams v Donati, supra)* as a cause of action for failure to declare proper dividends as of 1989.

We have considered all other claims and find them to be meritless. Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ. *[See,* 149 Misc 2d 1017.]