■ LARRY TINSLEY, Appellant, v STATE OF NEW YORK, Respondent. [598 NYS2d 734] —In a claim to recover damages for

conversion, the claimant appeals from a judgment of the Court of Claims (Blinder, J.), entered June 28, 1990, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant, a former inmate at the Ossining Correctional Facility, alleged that prison officials unlawfully converted his boxing program proposal and submitted it as their own. The Ossining Correctional Facility subsequently funded and adopted the boxing program submitted by the prison officials.

Even assuming that the claimant's written proposal was tangible property capable of being converted (cf., Matzan v Eastman Kodak Co., 134 AD2d 863, 864), the trial evidence reveals that the claimant failed to establish by a preponderance of the evidence (see, 23 NY Jur 2d, Conversion, § 76, at 312) any unauthorized use of his property. In any event, the claimant failed to show damages resulting from the alleged conversion of his boxing program (23 NY Jur 2d, Conversion, § 82, at 318; Fantis Foods v Standard Importing Co., 49 NY2d 317, 326; Hoffman v Dorner, 86 AD2d 651). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.