█ LAWRENCE R. BLAKE, on Behalf of Himself and All Other Shareholders Similarly Situated and in the Right of W. R. BLAKE & SONS, INC., Appellant, v ROBERT W. BLAKE et al., Respondents. [638 NYS2d 632] 

In this shareholder's derivative action, most of the alleged acts of corporate waste and breach of fiduciary duty occurred prior to August 13, 1975, and accordingly any cause of action with respect thereto is time-barred by the six-year Statute of Limitations (CPLR 213 [7]).

Plaintiff's allegation that Robert Blake's purchase of the property, 196-20 Northern Boulevard in Flushing, constituted usurpation of a corporate opportunity is entirely without merit. Plaintiff knew of his mother's desire to sell the property, and the price she was asking, and did not object to the sale. In fact, he told his mother that it was her property, and she could do what she wished with it. Plaintiff is estopped personally from complaining about the transaction, in light of his knowledge of and acquiescence to the sale. "The rule is that, when stockholders are individually estopped from questioning wrongs done their corporation, they cannot redress those same wrongs through a suit brought directly by the corporation or derivatively, by themselves, for the corporation" (*Diamond v Diamond*, 307 NY 263, 266).

With respect to Robert Blake's receipt of commissions, instead of salary, and other accusations of corporate waste, the business judgment rule applies, since the payments complained of were ratified by the board of directors after full disclosure (*Cohen v Ayers*, 596 F2d 733, 739-740). Accordingly, plaintiff was required to "demonstrate that no person of ordinary sound business judgment would say that the corporation received fair benefit" (*Aronoff v Albanese*, 85 AD2d 3, 5; *see also, Garbarino v Utica Uniform Co.*, 269 App Div 622, *affd* 295 NY 794). The Judicial Hearing Officer's finding that plaintiff did not meet his burden in this regard is amply supported by the record. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Kupferman, Nardelli and Mazzarelli, JJ.