■ PINNACLE CONSULTANTS, LTD., Appellant-Respondent, v LEUCADIA NATIONAL CORPORATION et al., Respondents-Appellants. [689 NYS2d 497] —Order, Supreme Court, New York County (Herman Cahn, J.), entered August 27, 1998, which, to the extent appealed and cross-appealed from, granted defendants' motion to dismiss plaintiffs' complaint to the extent of dismissing plaintiffs' first and third causes of action, respectively for fraud and conversion, but denied the motion as to the balance of the complaint alleging causes for waste of corporate assets and breach of fiduciary duty, unanimously modified, on the law, to grant the motion to the further extent of dismissing plaintiff's remaining claims, and otherwise affirmed. The Clerk is directed to enter judgment in favor of defendants-respondents-appellants dismissing the complaint.

In this shareholder derivative action, plaintiff is estopped from maintaining suit since it acquiesced in the challenged transactions (*Diamond v Diamond*, 307 NY 263, 266; *Winter v Bernstein*, 149 Misc 2d 1017, 1020, *affd in relevant part* 177 AD2d 452). The record reveals that a proxy statement discussed in detail the relevant facts regarding the merger and informed shareholders that a failure to respond would be counted as a vote in favor of the transaction. Plaintiff failed to prove that it voted in opposition to the merger and merely contends that estoppel is inapplicable where there is no allegation that it voted in favor of the transaction. However, by its silence, plaintiff has conceded that it did not vote against the merger, and accordingly, it has no standing to maintain the within action.

Plaintiff also contends that a merger of defendant corporation into another corporation controlled by the defendant corporation was in violation of Business Corporation Law § 612

(b) because a partnership controlled by defendant was permitted to vote on the merger. This contention was properly rejected by the IAS Court since Business Corporation Law § 612 is inapplicable to partnerships. Plaintiff has failed to state a claim for fraud since all the relevant facts regarding the merger were disclosed in the proxy statement sent to shareholders. Further, since plaintiff has conceded on appeal that stock warrants issued to defendants Cumming and Steinberg were lawful and in accordance with Business Corporation Law § 505, plaintiff's claims, based on the stock transactions, for conversion and waste of corporate assets must fail. Concur—Ellerin, P. J., Sullivan, Wallach, Lerner and Buckley, JJ.