■ DAVID POWELL et al., Appellants, v MADELINE BERNSTEIN et al., Respondents. [692 NYS2d 346] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered August 21, 1998, dismissing the complaint after a nonjury trial, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 11, 1998, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs, minority shareholders holding life interests in shares of a subchapter S family corporation, assert that the trial evidence established that the previously ratified policy of distributing less than 100% of net profit as dividends (*see*, 177 AD2d 452; 233 AD2d 182) is no longer required by financial conditions, and is being continued by defendant majority shareholders for the sole purpose of creating a tax-free surplus for the benefit of the remainderpersons, who are related to defendants. This refusal to distribute more income, plaintiffs argue, is in contravention of defendants' fiduciary duties to plaintiffs, who must pay taxes on the corporation's net profits whether distributed or not, the intent of the testator who created the life interests, and the corporation's own 1970 purchase

of a similarly situated life tenant's stock that included compensation for her proportionate share of the surplus at that time. Plaintiffs also assert that the trial evidence shows that while continuing this dividend policy, defendants paid themselves excessive and concealed sums as compensation, thereby further diverting profits to which plaintiffs are entitled.

We disagree. The trial court, appropriately recognizing plaintiffs' vulnerability as holders of minority life interests in a subchapter S corporation run by directors identified in interest with the remainderpersons (*see, Ochs v David Maydole Hammer Co.*, 138 Misc 665, 668), properly placed the burden of proof on defendants, to establish the reasonableness of their dividend and compensation policies and the evidence supports the finding that they did so.

The testimony shows that many considerations affected defendants' policy with respect to dividend payments, the result of which was the corporation's significant growth with payment of reasonable dividends. Plaintiffs offered no expert testimony supporting their contention that the distribution of 100% of profits was mandated, and defendants' experts offered credible evidence, based on an analysis of various economic factors, that the distributions were reasonable. The 1970 buyout of another life tenant on terms that compensated her for previously undistributed income does not show otherwise. The express terms of that buyout provided that the remaining shareholders were to be bound by separate agreements, and nothing therein addressed the right of shareholders to future dividends. Similarly, the expert testimony on the subject of salaries showed that they were within industry norms and otherwise reasonable.

As previously determined herein, plaintiffs' claims to compel the declaration of a dividend and restitution of allegedly excessive salaries are derivative in nature (149 Misc 2d 1017, 1022, *affd as mod* 177 AD2d 452, *supra*), and neither the corporation's close, family-held nature nor its subchapter S status warrant that it be treated like a partnership (*see, Hoheb v Pathology Assocs.*, 146 AD2d 919, 920; *Katz v Sullivan*, 791 F Supp 968, 984), or a corporation entirely owned by a trust whose trustee is also a director or officer of the corporation (*see, Matter of Goerler*, 227 AD2d 479). In short, defendants having demonstrated the reasonableness of their dividend and compensation policies, no basis exists for judicial interference therewith (*cf., Kranich v Bach*, 209 App Div 52, 57-58; *Sandfield v Goldstein*, 33 AD2d 376, 380-381, *affd* 28 NY2d 794).

We have considered plaintiffs' other arguments and find that

they have either been disposed of by prior orders affirmed by this Court or are unpersuasive. Concur—Ellerin, P. J., Rosenberger, Buckley and Friedman, JJ.