■ J. BARTOW MCCALL, as Executor of WILLIAM L. CHAPMAN, Deceased, Appellant, v JONATHAN LEADER et al., Respondents. [700 NYS2d 464] —Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered on or about May 7, 1998, after a nonjury trial, in defendants' favor, unanimously affirmed, with costs.

In this action by a one-third shareholder alleging, *inter alia*, that defendant Leader misappropriated funds rightfully belonging either to the subject corporation, Liberty Capital Management, Inc. (LCM), or to plaintiff, the trial court properly found that, since plaintiff's decedent had himself benefitted from abrogation of the salary limitation contained in the parties' letter agreement, plaintiff was estopped from enforcing such limitation against defendant Leader (*see, Diamond v Diamond*, 307 NY 263). Moreover, the evidence showed that abrogation of the salary limitation was retroactively authorized by a proper vote of the LCM shareholders. Also proper was the trial court's finding, premised upon the testimony of experts, that the compensation paid Leader by LCM was reasonable in light of his substantial services to the corporation (*cf., Wilderman v Wilderman*, 315 A2d 610 [Del]). Finally, as the trial court found, plaintiff was not entitled to prevail upon his claim for conversion of corporate stock since he failed to meet his burden to adduce evidence of damages attributable to the alleged conversion (*see, Veeco Instruments v Candido*, 70 Misc 2d 333, 336).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.