■ JACQUES PIERRE et al., Individually and as Shareholders of ALL CITY CORPORATE TRANSPORTATION, INC., Appellants, v ANATHANASIOS PSATHAS et al., Respondents. [740 NYS2d 205] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about September 7, 2001, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to declare in defendants' favor that the 1996 amendments to the corporate constitution of defendant All City Corporate Transportation, Inc. are valid to the extent challenged, and otherwise affirmed, with two separate bills of costs payable by plaintiffs.

In this derivative action brought by member drivers of a corporate car service cooperative, the claim that defendants improperly derived personal benefits by selling radios to themselves and their friends at a discount was shown to be completely without evidentiary basis. Also shown to be without evidentiary basis were plaintiffs' claims that the directors' salaries and the creation of a corporate subsidiary for financing purposes 'were unauthorized. Indeed, the evidence shows that the creation of the subsidiary was a valid exercise of business judgment. Plaintiffs' conclusions regarding alleged financial improprieties failed to allege specific acts of mismanagement; much less did they raise triable issues with respect thereto. Moreover, defendants carried any burden they might have had regarding the propriety of their corporate stewardship (see, Wolf v Rand, 258 AD2d 401, 404) by submitting evidence of the current financial health of the corporation, and their explanations for various financial decisions and the disposition of loan proceeds were unchallenged.

The challenged 1996 amendments to the corporate constitution were also a valid exercise of business judgment. Although the manner of their adoption may have been imperfect, plaintiff Pierre was elected under such provisions, defeating one of the defendants, and plaintiffs ratified the amendments by operating under them for several years without objection (*see, Winter v Bernstein*, 177 AD2d 452; *Blake v Blake*, 225 AD2d 337).

While the motion court correctly found in defendants' favor, the proper disposition of plaintiffs' cause of action seeking declaratory relief was not dismissal but a declaration in defendants' favor (*see, Lanza v Wagner*, 11 NY2d 317, 334).

We have considered plaintiffs' other contentions and find them unavailing. Concur—Tom, J.P., Andrias, Buckley, Wallach and Lerner, JJ.