■ DAVID KOHN et al., Appellants, v HARTSTEIN & HARTSTEIN et al., Defendants, and CHASE MANHATTAN BANK, Respondent. [742 NYS2d 879] —In an action, inter alia, to recover damages for unjust enrichment and conversion, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered April 2, 2001, as granted the motion of the defendant Chase Manhattan Bank sued herein as Chase Manhattan Bank, successor in interest to Chemical Bank and Chemical Bank, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

By the plaintiffs' own admissions, they were third-party beneficiaries of the contract between the defendant Hartstein & Hartstein and the respondent Chase Manhattan Bank sued herein as Chase Manhattan Bank, successor in interest to Chemical Bank and Chemical Bank (hereinafter Chase). Since Chase owed no independent legal duty to the plaintiffs outside of this contractual relationship, the plaintiffs cannot maintain a cause of action sounding in negligence against it (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Layden v Boccio,* 253 AD2d 540). Additionally, a claim alleging unjust enrichment may not be maintained where there is a valid and express agreement between the parties which explicitly covers the same specific subject matter for which the implied agreement is sought (*see Chadirjian v Kanian,* 123 AD2d 596; *see also Clark-Fitzpatrick, supra*).

The plaintiffs failed to establish any damages resulting from the alleged conversion of funds, so this claim was also properly dismissed (*see McCall v Leader,* 268 AD2d 208; *Tinsley v State of New York,* 192 AD2d 701).

The plaintiffs' remaining contentions are without merit. Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.