■ Monica Hannasch Buttitta et al., Appellants-Respondents, v Greenwich House Cooperative Apartments, Inc., Respondent-Appellant. [783 NYS2d 26]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 20, 2003, which, insofar as appealed from as limited by the briefs, denied plaintiff shareholders' motion to preliminarily enjoin defendant residential cooperative from enforcing its bylaw preventing plaintiffs from selling their shares in the co-op on the open market and requiring them to offer the stock first to defendant at a below-market price, granted. defendant's motion to dismiss the complaint to the extent of dismissing the fourth through sixth causes of action seeking to compel defendant's issuance of a proprietary lease, and denied defendant's motion to dismiss with respect to the first through third causes of action seeking to nullify the bylaw, unanimously modified, on the law, to grant the motion with respect to the first through third causes of action, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The documentary evidence, consisting of the minutes of shareholder and board meetings, conclusively establishes that plaintiffs, who are husband and wife and joint tenants of the unit in question, ratified the bylaw in issue by their votes at meetings where the cooperative's right of redemption was either exercised or waived with the specific proviso that the waiver was without prejudice, and are therefore precluded from

challenging it (*see Diamond v Diamond*, 307 NY 263, 266-267 [1954]; *Pierre v Psathas*, 293 AD2d 364, 365 [2002]; *McCall v Leader*, 268 AD2d 208 [2000]; *Winter v Bernstein*, 177 AD2d 452 [1991]; *see also Donovan v Rothman*, 302 AD2d 238, 239 [2003], *lv dismissed* 100 NY2d 640 [2003]). Accordingly, plaintiffs' first two causes of action, challenging the bylaw as violative of Business Corporation Law §§ 512 and 513 and as an unreasonable restraint on alienation, lack merit. Assuming plaintiffs' third cause of action, alleging that the board acted in bad faith by treating them differently from other withdrawing shareholders (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 157-158 [2003]; *Barbour v Knecht*, 296 AD2d 218, 224 [2002]), is not subject to the defense of ratification, that cause of action, as well as the first two, is barred by the four-month limitations period of CPLR 217 which plainly applies to defendant corporation (*see* CPLR 7802 [a]; *see also Matter of Springut v Don & Bob Rests.*, 57 AD2d 302, 304-305 [1977]; *Matter of Uranian Phalanstery 1st N.Y. Gnostic Lyceum Temple*, 155 AD2d 302 [1989]). While the motion court did not address the applicability of CPLR 217, and it is unclear from the record whether it was raised before that court, under the instant circumstances, the question is one of law that may be addressed for the first time on appeal (*see Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). We reject plaintiffs' characterization of what transpired at defendant's June 11, 2002 meeting, and find that the vote was to redeem plaintiffs' shares, and not just to establish a price in the event of a redemption. We further find, based on the documentary evidence, that plaintiffs were informed of the co-op's decision no later than July 2002, but did not commence this action until January 2003, more than four months later. In view of the foregoing, it is unnecessary to address whether the challenged bylaw constitutes an unreasonable restraint on alienation (*but see Carroll v Eno*, 237 AD2d 102 [1997]), whether the Board was improperly constituted, or whether redemption was unauthorized absent a surplus. Concerning the fourth through sixth causes of action to compel issuance of a proprietary lease, plaintiffs fail to show that possessing a lease is a legal requirement or that not possessing one violates the covenant of quiet enjoyment or otherwise has caused them harm. It does not avail plaintiffs to argue that the lack of a lease adversely affects the marketability of their unit since, as a matter of law, plaintiffs have no right to market the unit. We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Buckley, P.J., Lerner, Friedman, Marlow and Sweeny, JJ.