MT Property, Inc., et al., Respondents, v Ira Weinstein and Larry Weinstein, LLC, Appellant, et al., Defendants. [855 NYS2d 627]—

In an action, inter alia, to recover damages for unjust enrichment, the defendant Ira Weinstein and Larry Weinstein, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated October 13, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Ira Weinstein and Larry Weinstein, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The appellant met its burden of establishing entitlement to judgment as a matter of law by coming forward with evidentiary proof, in admissible form, demonstrating the absence of any disputed material facts (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact.

To prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a benefit upon the defendant, and that the defendant will obtain that benefit without adequately compensating the plaintiff therefor (*see Smith v Chase Manhattan Bank, USA*, 293 AD2d 598, 600 [2002]; *Nakamura v Fujii*, 253 AD2d 387, 390 [1998]). Here, the appellant submitted the written option agreement between the parties which expressly provided that the plaintiffs, as tenants, would undertake rezoning of the subject property at their "sole cost and expense." Additionally, the option agreement provided that the plaintiffs would "bear all of the expenses of . . . zoning and/or variance changes, and permits." Thus, the plaintiffs could have no expectation of compensation from the appellant for the costs and expenses they incurred to rezone and develop the property.

Additionally, a claim alleging unjust enrichment may not be maintained where there is a valid and express agreement between the parties which explicitly covers the same specific subject matter for which the implied agreement is sought (*see Kohn v Hartstein & Hartstein*, 294 AD2d 543 [2002]). Here, the option agreement specifically addressed the issue of which party is to bear the cost of rezoning, and the plaintiffs' unjust enrichment claim is barred thereby as a matter of law.

Accordingly, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.