Defendant is a cooperative corporation that owns a building *653 at 180 East 79th Street, New York County, and plaintiffs formerly owned the shares to apartments 14B and 14C. In August 2011, plaintiffs sold their interest in the two apartments and, under protest, paid a “flip tax” to defendant. Within weeks, plaintiffs commenced this action alleging one cause of action the characterization of which is in dispute. That portion of plaintiffs’ complaint that specified the sole cause of action explicitly and repeatedly alleges that defendant acted “ultra vi-res,” which plaintiffs argued below. Now, however, in an attempt to make their claim appear viable, plaintiffs avoid characterizing their claim as seeking to prohibit defendants’ ultra vires acts, and instead, they repeatedly characterize their claim as one “for money damages” or an “extraction of money” that was “wrongful,” seeking a money judgment in the amount of the flip tax.
Supreme Court properly granted defendant’s motion because plaintiffs’ claim, despite their current characterization, is barred by the statute of limitations. Defendant’s allegedly ultra vires acts occurred in 1997 and in 2008 when the bylaws and proprietary leases were amended to, respectively, allow a majority of the directors to alter the bylaws, and to allow two thirds of shareholders to approve amendments to the proprietary leases, and to institute a 2% flip tax on the gross sale price of any apartment. Plaintiffs are now prohibited from challenging the propriety of those amendments because they are required to have done so via a proceeding pursuant to CPLR article 78 within four months thereof (CPLR 217 [1]; 7802 [a]; 7803 [2]; see Buttitta v Greenwich House Coop. Apts., Inc., 11 AD3d 250, 251 [2004]; Schulz v Town Bd. of Town of Queensbury, 253 AD2d 956 [3d Dept 1998], lv denied 93 NY2d 808 [1999]).
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Moskowitz, De-Grasse, Manzanet-Daniels and Clark, JJ.