■ CRUZ SUAREZ et al., Appellants-Respondents, v AXELROD FINGERHUT & DENNIS et al., Respondents-Appellants, and TURIN HOUSING DEVELOPMENT FUND, CO., INC., et al., Respondents. [40 NYS3d 21]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 30, 2015, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment as to liability on the cause of action for wrongful eviction in Alix and Brea's favor and the causes of action for breach of the covenant of quiet enjoyment, breach of fiduciary duty, conversion, trespass to chattels, and breach of contract, and for treble damages under RPAPL 853, and, upon a search of the record, granted summary judgment dismissing the causes of action for breach of the covenant of quiet enjoyment, conversion, and trespass to chattels, and granted plaintiffs' motion for summary judgment dismissing defendant Axelrod Fingerhut & Dennis's (Axelrod) affirmative defenses of lack of standing, lack of fiduciary duty and lack of privity, unanimously modified, on the law, to grant plaintiffs summary judgment as to liability on the cause of action for wrongful eviction on behalf of Alix and Brea as against defendant Turin Housing Development Fund, Co., Inc. (Turin), to grant summary judgment, upon a search of the record, dismissing the cause of action for breach of fiduciary duty, and to deny plaintiffs' motion as to Axelrod's affirmative defenses of lack of standing and lack of privity, and otherwise affirmed, without costs.

The record demonstrates conclusively that the eviction of plaintiffs Alix and Brea by Turin was wrongful, inasmuch as Alix and Brea were unrefutedly known occupants of the apartment. Thus, Alix and Brea are entitled to summary judgment on the cause of action for wrongful eviction as against Turin. However, issues of fact preclude summary judgment on that cause of action as against the remaining defendants, and with respect to plaintiffs' other causes of action, including the claim for breach of contract. The court also correctly denied plaintiffs summary judgment on their claim for treble damages under RPAPL 853 on the ground that the amount of the claim must be evaluated upon a full record (*see Mayes v UVI Holdings*, 280 AD2d 153 [1st Dept 2001]).

The court correctly dismissed the causes of action for breach of the covenant of quiet enjoyment, conversion, and trespass to chattels since in the specific context of a wrongful eviction action these claims "do not constitute cognizable causes of action but merely state demands for damages to be considered as elements of the statutory cause of action [wrongful eviction] upon which summary relief is sought" (*id.* at 161).

Upon a search of the record, we grant summary judgment dismissing the cause of action for breach of fiduciary duty. No such duty is owed to plaintiffs by any of the defendants (*see Peacock v Herald Sq. Loft Corp.*, 67 AD3d 442, 443 [1st Dept 2009]).

The court erred in dismissing Axelrod's affirmative defenses of lack of standing and lack of privity. These defenses are not prima facie meritless with respect to the cause of action for negligence. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.

The decision and order of this Court entered herein on April 14, 2016 (138 AD3d 529 [2016]) is hereby recalled and vacated (*see* 2016 NY Slip Op 84806[U] [2016] [decided simultaneously herewith]).