Ciccone v One W. 64th St., Inc. (2019 NY Slip Op 02636)





Ciccone v One W. 64th St., Inc.


2019 NY Slip Op 02636


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8912 651748/16

[*1]Madonna Ciccone, Plaintiff-Appellant,
v
One West 64th Street, Inc., Defendant-Respondent.


Shaw & Binder, P.C., New York (Stuart F. Shaw and Daniel S. LoPresti of counsel), for appellant.
Holland & Knight LLP, New York (Benjamin R. Wilson of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered September 21, 2017, which granted defendant's motion to dismiss the first and second causes of action, unanimously affirmed, with costs.
The first and second causes of action challenge the propriety of defendant cooperative corporation's amendments of the lease and allege that defendant cooperative corporation acted in bad faith, and are therefore barred by the four-month statute of limitations on proceedings against bodies such as cooperative boards (see CPLR 217; 7802[a]; 7803[2]; Katz v Third Colony Corp., 101 AD3d 652 [1st Dept 2012], citing Buttitta v Greenwich House Coop. Apts., Inc., 11 AD3d 250, 251 [1st Dept 2004]). Defendant amended paragraph 14 of the proprietary lease to provide, in pertinent part, that "the children, grandchildren, parents, grandparents, brothers and sisters and domestic employees of the Lessee or Lessee's spouse or domestic partner" may occupy the apartment "while the Lessee or the Lessee's spouse or domestic partner are in residence." In the first cause of action, plaintiff seeks a declaration that paragraph 14 is void and unenforceable as against public policy and may not be enforced as against her, and that members of her family and one other occupant (and their children) may occupy her apartment whether or not she is "in residence." In the second, she alleges that the coop board amended paragraph 14 with the intention of interfering with her ability to use her apartment in a manner consistent with the original proprietary lease and that the board's actions were taken in bad faith. On appeal, plaintiff characterizes her claim as seeking a declaration of the meaning of the ambiguous phrase "in residence." However, that characterization conflicts with the claims asserted in her complaint.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK