Beaman v Awaye Realty Mgt., LLC (2019 NY Slip Op 07562)





Beaman v Awaye Realty Mgt., LLC


2019 NY Slip Op 07562


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-00610
2017-04091
 (Index No. 500342/12)

[*1]Marc R. Beaman, et al., appellants, 
v
Awaye Realty Management, LLC, respondent.


Ginsburg & Misk, LLP, Queens Village, NY (Gerard N. Misk of counsel), for appellants.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Anthony J. Genovesi of counsel), for respondent and nonparty Arlene T. Waye.



DECISION & ORDER
In an action, inter alia, to rescind a lease, the plaintiffs appeal from (1) a decision of the Supreme Court, Kings County (Miriam P. Sunshine, Ct. Atty. Ref.), dated January 6, 2017, and (2) a judgment of the same court dated March 31, 2017. The judgment, upon the decision, made after a nonjury trial, is in favor of the defendant and against the plaintiffs in the principal sum of $91,440.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
After a nonjury trial, the defendant was awarded the principal sum of $91,440 on its counterclaim against the plaintiffs to recover damages for unjust enrichment, which was based on the cost of renovations the defendant made to certain real property owned by the plaintiffs in contemplation of an agreement, which never materialized, for the defendant to purchase the property. The plaintiffs appeal from a judgment in favor of the defendant and against them in the principal sum of $91,440.
The power of this Court in reviewing a determination rendered after a nonjury trial is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into consideration that in a close case the trial court had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Fire Is. Real Estate, Inc. v Coldwell Banker Residential Brokerage, 131 AD3d 507).
To prevail on a cause of action alleging unjust enrichment, a party must establish that [*2]it conferred a benefit upon the other party, and that the other party will retain that benefit without adequately compensating the first party therefor (see MT Prop., Inc. v Ira Weinstein & Larry Weinstein, LLC, 50 AD3d 751, 752). The essential inquiry on any cause of action alleging unjust enrichment is whether it is against equity and good conscience to permit the party against whom it is asserted to retain what is sought to be recovered (see Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421).
The Supreme Court's determination that the defendant established that it was entitled to reimbursement for the improvements it made to the plaintiffs' property, which enhanced the property's value, in contemplation of an agreement to purchase the property, was warranted by the facts (see Wilson v La Van, 22 NY2d 131, 135).
SCHEINKMAN, P.J., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court