Hope for Us Hous. Corp. v Syracuse Hgts. Assoc., LLC (2020 NY Slip Op 01822)





Hope for Us Hous. Corp. v Syracuse Hgts. Assoc., LLC


2020 NY Slip Op 01822


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.


1233 CA 19-00932

[*1]HOPE FOR US HOUSING CORP., PLAINTIFF-RESPONDENT-APPELLANT,
v
SYRACUSE HEIGHTS ASSOCIATES, LLC, THE HEIGHTS REAL ESTATE COMPANY AND THE HEIGHTS MANAGEMENT COMPANY, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS. 






SPERBER DENENBERG & KAHAN, P.C., NEW YORK CITY (JACQUELINE HANDEL-HARBOUR OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
R. LAWRENCE LAPLANTE, SYRACUSE, FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered February 1, 2019. The order denied defendants' motion for summary judgment and denied plaintiff's cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants appeal and plaintiff cross-appeals from an order that denied defendants' motion for, inter alia, summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment on its cause of action for conversion. Contrary to defendants' contention on their appeal, we conclude that they failed to establish as a matter of law that the conversion cause of action is merely a damages claim within plaintiff's wrongful eviction cause of action pursuant to RPAPL 853, which Supreme Court previously dismissed as untimely (cf. Suarez v Axelrod Fingerhut & Dennis, 142 AD3d 819, 820 [1st Dept 2016]; Mayes v UVI Holdings, 280 AD2d 153, 161 [1st Dept 2001]). We therefore reject defendants' related contention that they are entitled to summary judgment dismissing the conversion cause of action because it was commenced outside of the one-year statute of limitations governing causes of action for wrongful eviction (see Gold v Schuster, 264 AD2d 547, 549 [1st Dept 1999]; Chapman v Johnson, 39 AD2d 629, 629 [4th Dept 1972]; see generally CPLR 215 [3]).
Contrary to defendants' further contention, the conversion cause of action is not barred by language in the lease agreement that was entered into by plaintiff and defendant Syracuse Heights Associates, LLC. Under the lease agreement, plaintiff leased premises that were located in a shopping plaza, and the cause of action for conversion is based on allegations that plaintiff stored personal property in the leased premises and in an adjacent unit of the shopping plaza, and that defendants deprived plaintiff of that personal property by preventing plaintiff from entering the leased premises and the adjacent unit. Even assuming, arguendo, that paragraph 14.2 of the lease limits defendants' liability for plaintiff's loss of property, we conclude that defendants failed to establish as a matter of law that the lease was in force at the time of the alleged conversion. Rather, an issue of fact remains with respect to whether the "lease was terminated as a matter of law upon the issuance of a warrant of eviction" in 2012 (Weichert v O'Neill, 245 AD2d 1121, 1122 [4th Dept 1997]; see RPAPL 749 [former (3)]; Rocar Realty Northeast, Inc. v Jefferson Val. Mall Ltd. Partnership, 38 AD3d 744, 747 [2d Dept 2007]). Although it appears from the record that the 2012 warrant was never executed and plaintiff remained in possession of the [*2]leased premises until April 2015, the record is devoid of any support for defendants' contention that the issuing court vacated the warrant (see RPAPL 749 [former (3)]). Nevertheless, we note that even if the lease had been in force at the time of the alleged conversion, it would have governed the parties' relationship only with respect to the leased premises and thus it would have no effect on plaintiff's allegations that defendants converted various items stored in the adjacent unit.
With respect to plaintiff's cross appeal, we reject plaintiff's contention that it is entitled to summary judgment on the cause of action for conversion. Rather, we agree with defendants that issues of fact remain with respect to damages, and we therefore conclude that the court properly denied plaintiff's cross motion (see Five Star Bank v CNH Capital Am., LLC, 55 AD3d 1279, 1281 [4th Dept 2008]; see generally Kohn v Hartstein & Hartstein, 294 AD2d 543, 543 [2d Dept 2002]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court