## Stauber v Board of Directors of 8 E. 96th St., Inc.

2024 NY Slip Op 33257(U)

September 17, 2024

Supreme Court, New York County

Docket Number: Index No. 159156/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  __HON. PAUL A. GOETZ__          PART          47

_Justice_

-------------------------------------------------------------------------------X

ELIZABETH STAUBER, AS THE EXECUTOR OF THE          INDEX NO.          159156/2020
ESTATE OF MARCUS A. COHEN

                                                   MOTION DATE        02/22/2024
                    Plaintiff,

                                                   MOTION SEQ. NO.        001
              - v -

THE BOARD OF DIRECTORS OF 8 EAST 96TH STREET,          **DECISION + ORDER ON
INC.,                                                        MOTION**

                    Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57, 58, 59, 60, 61

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

This action is brought by the executor of the estate of decedent Marcus A. Cohen, who was a lessee and shareholder in the co-operative building located at 8 East 96th Street, New York, NY 10128 (the co-op). Plaintiff moves for summary judgment pursuant to CPLR § 3212 on her two causes of action for (i) a declaratory judgment that her application to be assigned Cohen's lease and corresponding shares must be approved by defendant, and (ii) a permanent injunction compelling defendant to approve the application and transfer the shares to plaintiff, as tenants in common with Lynne S. Levine, decedent's ex-wife.

## BACKGROUND

Plaintiff alleges that Cohen and Levine "were married in June 1987 and sometime thereafter became owners of the shares and resided in [] apartment [1C]"[1] of the co-op, which

---

[1] The original lease agreement has not been submitted.

**159156/2020  ELIZABETH STAUBER, AS THE vs. BOARD OF DIRECTORS OF 8**          **Page 1 of 6**
  **Motion No.  001**

was operated by defendant The Board of Directors of 8 East 96th Street Inc. (the board) (NYSCEF Doc No 39 ¶ 4). They divorced in March 2010 and Levine moved out sometime that year (*id.* ¶¶ 5, 8). "As part of their marital settlement agreement, they agreed that they would own the shares to the Apartment as joint tenants in common" (*id.* ¶¶ 2-6). Thus, they entered into a lease agreement with the co-op, dated May 19, 2011, which provided that Cohen and Levine were "the owner[s] of 33 shares of the Lessor, to which this lease is appurtenant and which have been allocated to apartment 1C in the building" (NYSCEF Doc No 30). The lease also provided that "[if] the Lessee shall die, consent shall not be unreasonably withheld to an assignment of the lease and shares to a financially responsible member of the Lessee's family" (*id.* § 15(c)).

Cohen continued to reside in the apartment on his own (NYSCEF Doc No 39 ¶ 8). He did not have any children, but gave plaintiff, his niece, power of attorney on April 24, 2017 (NYSCEF Doc No 31) and appointed her as his health care proxy on March 11, 2018 (NYSCEF Doc No 32). Cohen passed away on November 24, 2018, and plaintiff was appointed as the executor of his estate (NYSCEF Doc No 34). Cohen's will also devised his residuary estate, including any property interests, to plaintiff (NYSCEF Doc No 33). On July 1, 2019, Levine transferred her own interest and shares in the apartment to plaintiff (NYSCEF Doc No 35). On January 15, 2020, plaintiff submitted an application to the board to be transferred Cohen's right to possession and shares in the apartment (NYSCEF Doc No 36). One month later, the board rejected plaintiff's application (NYSCEF Doc No 48).

Plaintiff alleges that she is financially responsible, as indicated by the financial information provided in her application, which shows her ability to pay the apartment's maintenance charges (NYSCEF Doc No 1 ¶ 18). She alleges that she is a member of Cohen's family within the meaning of the lease, as she was Cohen's closest blood relative, was treated

**159156/2020  ELIZABETH STAUBER, AS THE vs. BOARD OF DIRECTORS OF 8**
  **Motion No.  001**

**Page 2 of 6**

2 of 6

like a daughter, and cared for him during his illnesses (*id.* ¶ 12). Plaintiff also notes that the board denied her application without holding an interview or providing any reason for its decision (*id.* ¶ 19). She thus asserts that the assignment was unreasonably withheld by the board in violation of the lease.

The board, however, alleges that its decision to reject her application was reasonable based on plaintiff's personal history with the co-op and its residents. It alleges that Cohen's health had been deteriorating for several years before his passing, but "no one on the Building's staff or anyone who lives in the Building has any record or recollection of Plaintiff ever coming to visit or to aid Mr. Cohen" (NYSCEF Doc No 44 ¶¶ 7-13). It was only in the last few weeks before Cohen's death that plaintiff "arrived at the building making demands of the staff, using foul language . . . and attempting to remove personal items belonging to Mr. Cohen from his apartment," which "began a pattern of disruptive behavior each time Plaintiff came to the Building" (*id.* ¶¶ 11-14). Some examples include plaintiff: staying in Cohen's apartment overnight, though she was told not to; threatening to call 911 because of the children crying in the neighboring apartment; "monopoliz[ing] staff time with personal projects"; causing false alarms in non-emergency situations; and yelling at residents or otherwise making them uncomfortable (*id.* ¶¶ 21-22).

## DISCUSSION

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact.'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing

**159156/2020   ELIZABETH STAUBER, AS THE vs. BOARD OF DIRECTORS OF 8**
**Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action." (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility." (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

First, the board argues that plaintiff's challenge of the co-op's decision to deny her application is barred by the four-month statute of limitations applicable to actions based on a corporation's alleged breach of its own governing documents (*Buttitta v Greenwich House Coop. Apts., Inc.*, 11 AD3d 250, 251 [1st Dept 2004] [plaintiffs' allegation "that the board acted in bad faith by treating them differently from other withdrawing shareholders . . . [was] barred by the four-month limitations period of CPLR 217 which plainly applies to defendant corporation"]). As plaintiff notes, however, "this is an action [arising from] a proprietary lease [and was therefore] timely commenced within six years of defendant's denial of [plaintiff's] application

**159156/2020   ELIZABETH STAUBER, AS THE vs. BOARD OF DIRECTORS OF 8**
  **Motion No.  001**

**Page 4 of 6**

for transfer of the apartment from [the] estate" (*Estate of Del Terzo v 33 Fifth Ave. Owners Corp.*, 136 AD3d 486, 488 [1st Dept 2016]).

Next, the board argues that plaintiff's motion is premature, as discovery is incomplete; notably, plaintiff has yet to fully respond to defendant's document demands and defendant has not had a chance to depose plaintiff. In reply, plaintiff notes that the cases cited by defendant "are all personal injury actions wherein material facts regarding the injury precluded summary judgement [whereas] here, [] the dispute involves the terms of an unambiguous Proprietary Lease" (NYSCEF Doc No 58). Plaintiff also argues that the affidavit of the president of the board Pamela Roach is inadmissible hearsay since Roach does not have personal knowledge of the incidents described (NYSCEF Doc No 44 [outlining incidents involving plaintiff and complaints received from the co-op's residents and staff]), and therefore defendant failed to create a material issue of fact. Plaintiff's entitlement to the relief sought turns on whether the board's decision to withhold consent to the assignment was *reasonable*, and whether the board acted reasonably depends on facts that have not yet been established through discovery (*MVB Collision, Inc. v Progressive Ins. Co.*, 129 A.D.3d 1040, 1041 [2nd Dept 2015] ["A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant"]). Defendant must be afforded the opportunity to collect direct testimony and other evidence to support its position that the board acted reasonably in denying plaintiff's application. Accordingly, plaintiff's motion will be denied.

**159156/2020   ELIZABETH STAUBER, AS THE vs. BOARD OF DIRECTORS OF 8**
**Motion No.  001**

**Page 5 of 6**

5 of 6

## CONCLUSION

Based on the foregoing, it is

ORDERED that plaintiff's motion for summary judgment is denied.

2024091717155IPGOETZ19F869AF6DCE54A1C9482CDBC9456C334

**9/17/2024**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |