■ Midtown Copying & Duplicating Services, Inc., Appellant, v Bank of New York, Respondent. [701 NYS2d 364] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered February 10, 1999, after a nonjury trial, in favor of defendant and against plaintiff, unanimously affirmed, with costs.

We affirm the judgment for defendant bank on the ground that, regardless of any negligence by the bank in failing to give effect to the amended corporate resolutions and signature cards submitted by plaintiff's principal, the record establishes that plaintiff's principal was fully aware that the employee previously authorized to sign checks drawn on plaintiff's bank accounts was continuing to do so, and, with such knowledge, plaintiff's principal endorsed and deposited the checks the employee drew that were payable to him, thereby ratifying the employee's continued check-signing both expressly and, through the acceptance of the benefits thereof, impliedly (*see,* UCC 3-404; *Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 131; *Latallo Establissement v Morgan*

*Guar. Trust Co.*, 155 AD2d 214, 219, *appeal withdrawn* 76 NY2d 890). That plaintiff's principal was purportedly unaware of the allegedly improper purposes for which certain of the checks were drawn does not negate ratification as to the bank (*see, Stella v Dean Witter Reynolds*, 241 NJ Super 55, 66-67, 574 A2d 468, 474). Since plaintiff's principal is precluded from questioning the bank's honoring of the checks drawn by the employee, he cannot cause the corporation to sue the bank for so doing (*see, Blake v Blake*, 225 AD2d 337, citing *Diamond v Diamond*, 307 NY 263, 266). The bank would not be precluded from relying on the ratification defense by any negligence on its part, since the defense arises from knowing and intentional conduct by plaintiff, not mere negligence (*cf., In re Levy & Sons Fashions*, 785 F Supp 1163, 1167 [citing *Stella v Dean Witter Reynolds, supra*], *affd* 988 F2d 311). Finally, we note that judgment in favor of the bank would in any event be required, since plaintiff failed to present any admissible evidence of the dates, amounts, and payees of the unauthorized checks allegedly drawn for improper purposes, thus failing to establish damages. Concur—Williams, J. P., Wallach, Andrias and Friedman, JJ.