■ ALFREDA MAZUREK, Respondent, v METROPOLITAN MUSEUM OF ART et al., Appellants, et al., Defendant. (And a Third-Party Action.) [812 NYS2d 12]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 10, 2005, which denied defendant E.T. Towing's motion and defendant Metropolitan Museum of Art's cross motion for summary judgment, and order, same court and Justice, also entered August 10, 2005, which denied defendant H.O. Penn Machinery Company, Inc.'s motion and defendant Consolidated Edison Company of New York, Inc.'s cross motion for summary judgment, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to

enter judgment in favor of defendants-appellants dismissing the complaint.

In this personal injury action, plaintiff alleges that the movement of a tractor caused her to fall. On June 27, 2000, plaintiff was walking with her daughter and grandson on the plaza abutting the Metropolitan Museum of Art. Her daughter and grandson were walking in front of her, when her grandson turned and warned her that a tractor was backing up on the sidewalk.

Plaintiff was deposed on three separate occasions. She testified at these depositions that she saw the tractor and altered her direction by taking three to four steps to her right. She did not alter her speed of walking. After taking three or four steps to her right, she fell to the ground, sustaining injuries. On each occasion, plaintiff testified that she did not know, and did not find out what caused her to fall.

Based upon this testimony, defendants each moved or cross-moved for summary judgment on the basis that plaintiff was unable to establish that her fall and related injuries were causally related to their actions.

In two identical decisions and orders, both dated August 5, 2005, the IAS court denied the motions, finding, without elaboration, that plaintiff's answering papers raised triable issues of fact.

The proponent of a motion for summary judgment must establish that there are no material issues of fact in dispute and that it is entitled to summary judgment as a matter of law (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Defendants here have made such a showing. The burden then shifted to plaintiff to present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In this regard, plaintiff must show the existence of "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (*Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744 [1986]). "The proof, however, must be sufficient to permit a finding of proximate cause 'based not upon speculation, but upon the logical inferences to be drawn from the evidence' " (*Robinson v City of New York,* 18 AD3d 255, 256 [2005], quoting *Schneider v Kings Highway Hosp. Ctr., supra* at 744).

Although plaintiff argued that the backing of the tractor frightened her and caused her to fall, there is no evidence to support these conclusions. Plaintiff repeatedly testified that she did not know why she fell and she never testified that she was

frightened or that the tractor made contact with her body. Plaintiff therefore failed to set forth a prima facie case of negligence against any defendant. Concur—Mazzarelli, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.