OPINION OF THE COURT
Joan M. Kenney, J.
Factual Background and Arguments
Plaintiff moves, pursuant to CPLR 3212, for summary judgment as against defendant Citibank, N.A. (Citibank) and third-party defendant Frances Busse (Busse), setting down the amount of judgment at $46,000 plus interest in the amount of $16,000, and to compel Citibank to provide discovery demanded by plaintiff on October 10, 2010. Defendants Citibank, Babs O. Ayodeji (Ayodeji), Kim C. Yip (Yip) and Daniela Luna (Luna) cross-move, pursuant to CPLR 3212, for summary judgment dismissing the complaint, or, in the alternative, should plaintiffs motion be granted, summary judgment as against Busse.
On December 17, 2007, Citibank honored a check executed by Busse in the amount of $40,000, and on March 4, 2008, Citibank honored another check executed by Busse in the amount of $6,000, both from Citibank account number xxx. (Motion, exhibits 1, 2.) These checks were made payable to Busse; however, plaintiff contends that Busse had no signatory or ownership right to the account, nor any authority to collect funds from that account. It is plaintiffs position that Citibank’s failure to verify Busse’s authority with respect to that account deprived him of funds that were rightfully his.
The account against which the checks that are the subject of this litigation were drawn was maintained by Stella F. Zolna (Zolna) during her life, and was held in trust for plaintiff. (Motion, exhibit 5.) Zolna died on November 15, 2007, and plaintiff was appointed as the executor of her estate. (Motion, exhibit 6.) According to plaintiff, he presented his appointment as executor of Zolna’s estate to Citibank on April 11, 2008, at which time he was allegedly informed by Citibank that the funds had been previously withdrawn.
In support of his statement, plaintiff has provided a letter from Citibank, dated April 11, 2008, that states: “This letter is *681 to confirm that we are not able to disburse the $47,283.00 due to an unauthorized withdrawal on account [xxx]. We will expedite the handling of this situation and will call you as soon as we have an answer for you.” (Motion, exhibit 3.)*
Plaintiff states that, prior to her death, Zolna was the only signatory on the account, that, upon Zolna’s death, he became the sole owner of the funds in the account, and that Citibank failed to exercise due care and diligence in discerning the identity of the person who signed as payor of the instrument. When Citibank failed to rectify the situation, plaintiff instituted the instant action in March of 2010.
In opposition to the present motion, and in support of its cross motion, Citibank asserts that, as the alleged owner of the money-market account maintained by Zolna, plaintiffs aunt, he is subject to the customer agreement which governs both the account owner’s and Citibank’s responsibilities with respect to the account. Citibank states that, pursuant to the customer agreement, a customer is subject to a one-year period in which to file suit and that plaintiff filed the present action more than two years after learning about the withdrawals. Moreover, Citibank contends that plaintiff authorized Busse, another of his aunts, to make withdrawals from the subject account.
Zolna maintained two accounts with Citibank: the money-market account that is the subject of this litigation, account number xxx, and a checking account, account number xxx. Zolna was the only authorized signatory on the money-market account, which was held in trust for plaintiff, and Zolna and Busse were both authorized signatories on the checking account. (Cross motion, exhibits A, B.)
According to Busse, in the latter part of November 2007, plaintiff came to her home for dinner, after which he spoke to her privately. During this private conversation, Busse says that plaintiff gave her, in blank, the two checks that are the subject of this litigation, that he told her that they belonged to an account that Zolna kept for Zolna and Busse jointly, and that she, Busse, was authorized to make withdrawals from that account. Busse affirmed that plaintiff said that Zolna had maintained a different account for him, and that Zolna wanted Busse to have the funds in the account for which plaintiff gave Busse the two *682 blank checks. (Busse aff.) Therefore, it is the position of Citibank and Busse that the checks were authorized.
In addition, according to Citibank, the customer agreement provides: “You agree that any suit or demand for arbitration that you assert based on an account error, discrepancy, or unauthorized transaction must be brought within one year after the date of the first account statement on which the error, discrepancy, or unauthorized transaction appears.” (Cross motion, exhibit D; Ayodeji aff.)
Citibank states that the first time that it learned of Zolna’s death was when plaintiff appeared at the bank in April of 2008, and that, when plaintiff demanded the funds, he was told that Citibank could do nothing until and unless he filed a police report. (Luna aff.) It is uncontroverted that no police report was ever filed.
In addition to the foregoing arguments, Citibank points out that the complaint names three individual defendants who are employees of Citibank, but against whom no wrongdoing is alleged. Ayodeji is the branch manager at the branch where the account was maintained, Luna is a customer service representative at that branch, and Yip is a personal banker at that branch. Further, Citibank states that the motion does not include an affidavit from plaintiff and, therefore, Busse’s affidavit stating that plaintiff authorized her to make the withdrawals is unchallenged.
Based on the foregoing, Citibank asserts that plaintiffs action is both time-barred, pursuant to the customer agreement, and that the withdrawals were authorized.
In opposition to the cross motion, and in reply, plaintiff asserts that he was never a customer of Citibank, that he never received a copy of the customer agreement, and that, as a consequence, he is not subject to that agreement’s limitation period. In addition, plaintiff says that the bank statements that indicate the allegedly unauthorized withdrawals do not have his name on them, nor were they sent to him, so that, even if the agreement were deemed to apply to him, plaintiff argues that the time period in which to file suit has yet to start with respect to him.
Plaintiff also maintains that the one-year period to file suit specified in the customer agreement should be tolled because, in early 2009, he attempted to resolve the matter before the Comptroller of Currency, Administrator of National Banks, Department of the Treasury.
*683 With respect to plaintiffs granting authorization to Busse, the reply and opposition includes what is purported to be a handwritten affidavit from plaintiff, in which he states, in pertinent part:
“I have reviewed the affidavit of my aunt Frances Busse. I have a factual conflict with her statement in that due to my reading Citibank’s titleing [sic] of the account I gave her the whole checkbook not just two checks. Had I known the true nature of the trust account I would have obtained the funds at the time of my aunt Stella’s death. However, in performing my duties as executor (proposed) I gave my aunt personal property which I was lead [sic] to believe was hers.”
In reply to plaintiffs opposition to its cross motion, Citibank states that, in his affidavit, plaintiff admits that he gave the checks to Busse, never disputes that he authorized her to withdraw the funds, and only now decides that he wants the funds back. Citibank argues that, since plaintiff has admitted his authorization, his cause of action is against Busse, not Citibank.
Citibank also contends that, as the executor of Zolna’s estate, he is bound by the terms of the customer agreement. Further, the statement sent for the March-April 2008 period describes the account as Zolna’s in trust for plaintiff, so that plaintiffs argument that the account was never correctly named is factually inaccurate. Additionally, Citibank says that plaintiffs pursuing a federal regulatory grievance against it has no bearing on the statute of limitations in this case.
Citibank also states that plaintiff has failed to challenge or respond to that branch of the cross motion seeking dismissal of the complaint as against the individual defendants, so that that portion of the cross motion should be granted.
Lastly, Citibank requests that, should plaintiffs motion be granted, it be granted summary judgment against Busse.
Discussion
“The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case.” (Santiago v Filstein, 35 AD3d 184, 185-186 [1st Dept 2006] [internal quotation marks and citation omitted].) The burden then shifts to the motion’s opponent to *684 “present evidentiary facts in admissible form sufficient to raise a genuine, triable issue of fact.” (Mazurek v Metropolitan Museum of Art, 27 AD3d 227, 228 [1st Dept 2006]; see Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied. (See Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978].)
That portion of the cross motion seeking to dismiss the complaint asserted as against the individual defendants is granted. Not only does the complaint fail to allege any wrongdoing on the part of these individuals, but plaintiff has failed to oppose this branch of the cross motion.
That portion of Citibank’s cross motion to dismiss the complaint asserted as against it is granted, and plaintiffs motion for summary judgment as against defendants and Busse is denied.
The court disagrees with Citibank’s contention that the instant action is barred by the application of the statute of limitations. Whereas Citibank correctly argues that the parties to a contract may agree to shorten the time period in which to commence suit Jamaica Hosp. Med. Ctr. v Carrier Corp. (5 AD3d 442 [2d Dept 2004]), in the case at bar, the agreement was entered into between Citibank and Zolna, and there is nothing in that agreement that states that its provisions would be binding on Zolna’s heirs. Further, no evidence has been presented that plaintiff was ever given a copy of the customer agreement, or that he was orally informed of its provisions. In addition, Citibank has failed to provide any judicial or statutory authority to support its contention that the personal representative of the deceased depositor of a bank is held to the same terms and conditions of the bank’s agreement with that deceased depositor absent a showing that the personal representative knew or acquiesced to that agreement.
However, the court does agree with Citibank’s argument that, at the time that the checks were negotiated, plaintiff had given Busse the authority to make the now-contested withdrawals.
In his affidavit, plaintiff admits that he authorized Busse to access the funds in the account that is the subject of this litigation. Plaintiff only avers that, had he known then what he knows now, he would not have so authorized Busse. Therefore, even if Citibank were deemed to be negligent in failing to give effect to the signature card on file for the subject account, the *685 fact that plaintiff admits that he authorized Busse to make the withdrawals precludes plaintiff from recovering from Citibank. (See Midtown Copying & Duplicating Servs. v Bank of N.Y., 268 AD2d 252 [1st Dept 2000].)
Lastly, since plaintiff has never asserted a legal claim against Busse, he cannot be granted summary judgment against her based on Citibank’s cause of action. Accordingly, it is ordered that plaintiffs motion for summary judgment is denied; and it is further ordered that defendants’ motion for summary judgment is granted and the complaint is dismissed with costs and disbursements to defendants as taxed by the Clerk of the Court upon the submission of an appropriate bill of costs; and it is further ordered that the third-party action is dismissed as moot; and it is further ordered that the Clerk is directed to enter judgment accordingly.

 It is noted that the account number appearing in this letter refers to a different, second account maintained by Zolna at Citibank, which is discussed elsewhere in this decision.