Order, Supreme Court, New York County (Joan M. Kenney, J.), entered July 27, 2011, which denied plaintiff’s motion for summary judgment, granted defendant Citibank’s motion for summary judgment dismissing the complaint as against it, and dismissed the third-party action as moot, unanimously reversed, on the law, with costs, plaintiffs motion granted, Citibank’s motion for summary judgment dismissing the complaint denied, and its motion for summary judgment on its third-party complaint granted. The Clerk is directed to enter judgment accordingly.
The only account statement clearly indicating that the two subject checks were withdrawn from an account held by the deceased depositor in trust for plaintiff was issued only after plaintiff gave two blank checks to his aunt, who was not an authorized signatory on the account. Thus, contrary to Citibank’s contention, in giving the checks to his aunt, plaintiff cannot be said to have been negligent so as to preclude his action based on the bank’s lack of ordinary care in failing to properly label the account and to examine the signature card upon presentation of the checks. Midtown Copying & Duplicating Servs. v Bank of N.Y. (268 AD2d 252 [1st Dept 2000]), upon which the motion court relied, is distinguishable as involving ratification by knowing and intentional misconduct; here, plaintiff acted intentionally, but not with knowledge of the import of his act.
We reject Citibank’s alternative argument that plaintiffs claim is barred by the limitations period set forth in the customer agreement, which did not contractually bind him.
In view of our disposition regarding its liability, Citibank is entitled to summary judgment on its third-party complaint seeking restitution of the wrongful retention of the proceeds by the unauthorized drawer of the checks (see Manufacturers Trust Co. v Diamond, 17 Misc 2d 909 [App Term, 1st Dept 1959]). Concur — Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.