# Tillis v ZAR Realty NY LLC

## 2025 NY Slip Op 32318(U)

### June 30, 2025

### Supreme Court, New York County

### Docket Number: Index No. 651939/2024

### Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

------------------------------------------------------------------X

JASON TILLIS, LENWICH SANFORD LLC, LENSAM SANFORD LLC

|  |  |
|---|---|
| **INDEX NO.** | 651939/2024 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 08/15/2024 |

- v -

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 001 |

ZAR REALTY NY LLC, THE ZARASAI GROUP LLC,

Defendant.

**DECISION + ORDER ON MOTION**

------------------------------------------------------------------X

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for          PARTIAL SUMMARY JUDGMENT

In this action invoking Limited Liability Company Law § 1102 for the production of certain documents for investors, plaintiffs-investors Jason Tillis, Lenwich Sanford LLC, and Lensam Sanford LLC move pursuant to CPLR 3212 for partial summary judgment on their claims for a declaration that defendants failed to comply with Limited Liability Company Law § 1102 and the parties' agreement; to compel defendants to produce an accounting; and defendants' breach of the parties' contract. Defendants oppose and cross-move for summary judgment dismissing the complaint in its entirety. For the reasons set forth below, plaintiffs' motion is denied as is defendants' cross-motion.

### Background

In this action, plaintiffs Jason Tillis, Lenwich Sanford LLC, and Lensam Sanford LLC assert claims arising from their status as members and investors of defendant ZAR Realty NY LLC (ZAR), a limited liability company formed to develop and manage a residential property located at 132-40 Sanford Avenue, Queens, New York. Defendant the Zarasai Group LLC (Zarasai) is ZAR's managing member of (*id.* ¶ 2), and non-party Joel Wiener is Zarasai's "managing member" (NYSCEF # 35, Joel Weiner Aff ¶1). Plaintiffs collectively hold an 8.59% interest in ZAR (*see* NYSCEF # 1, Complaint ¶ 1-3).

Plaintiffs invested capital in ZAR on March 30, 2017. The parties executed an operating agreement, which govern their rights and obligations (Op Agreement) (*see* NYSCEF # 14, Op Agreement). Section 10.1 of the Op Agreement provides that the managing member must "keep and maintain full and accurate books and records of the Company," including all "financial and tax information and accounting records in

651939/2024  TILLIS, JASON ET AL vs. ZAR REALTY NY LLC ET AL
Motion No. 001

[* 1]

accordance with GAAP" (*id.* at 20). Section 10.2 further provides that any member may, upon reasonable notice, inspect the company's books and records "for a purpose reasonably related to such Member's interest in the Company" (*id.* ¶ 20).

Plaintiffs served Zarasai a written demand in November 2023 for ZAR's financial records starting with annual financial statements, state and federal tax returns, and any relevant records regarding ZAR's financial affairs (Complaint ¶ 20). In the same demand, plaintiffs also sought legal records, pending or resolved, relevant to ZAR (*id.*). Receiving no response, plaintiffs against served Zarasai in December 2023 (id. ¶ 26 - the Second Demand) and January 2024 (*id.* ¶¶ 26-28, the Third Demand).

The Third Demand was directed to Joel Wiener and noted that plaintiffs "discovered an 'Assurance of Discontinuance'" in which ZAR, on behalf of Joel and Sherry Wiener, and 132-40 Sandford LLC, settled with the Office of the Attorney General of the State of New York (OAG) for $50,000 (*id.* ¶ 27). Plaintiffs sought "clarity on the genuine financial damages incurred by [ZAR], particularly in relation to the delayed condominium project, the deferred sale of the condominium units, and the legal fees associated with the OAG's investigation" (*id.*). Plaintiffs continued that since the acts of SW Security Services, LLC (SW Security) or Pinnacle Managing Co., LLC (Pinnacle) prompted the OAG's investigation, SW security and/or Pinnacle should be responsible for the financial damages related to this investigation (*id.* ¶ 28). Plaintiffs received no response from defendants.

Hence, plaintiffs commenced this action for: a declaratory judgment that defendants violated Limited Liability Company Law § 1102; an accounting; and summary judgment on their breach of contract – namely the Op Agreement. Plaintiff's first claim for a declaratory judgment is based on defendants' failure to provide the records that plaintiffs, as investors, are entitled under Limited Liability Company Law § 1102 (NYSCEF # 24 – pltfs' mol at 9-10). As to an accounting, plaintiffs claim that defendants owe them, as minority members, a fiduciary duty. As such, plaintiffs claim that "on this motion, [they] seek only the information due to them under a claim for an accounting . . . " (*id* at 11). As to the breach of contract claim, plaintiff's claim that the defendants violated the Op Agreement by ignoring their three Demands (*id.* at 13).

Defendants' answer assert the following defenses: lack of any live controversy, failure to state a claim, waiver/estoppel, unclean hands, laches, documentary-evidence bar, failure to exhaust remedies / availability of alternative means to obtain the information, and that there is no justiciable controversy as to financial disclosure (NYSCEF #10, Answer at 1-3). Defendants cross-move for summary judgment dismissing the complaint (*id.* at 2).

To support their position, defendants assert that ZAR fully complied under Limited Liability Company Law § 1102 and § 10 of the Op Agreement shortly after plaintiffs filed their complaint (defts' mol at 3-4). By Joel Wiener's affidavit, defendants inform that between June through September 2024, defendants had produced "over 2,600 pages of financial documents, including all financial statements from 2017 through 2023, all tax returns of ZAR for the years 2017 through 2023, all K-1s of members, and copies of all invoices issued by ZAR's counsel in an Attorney General's investigation" (NYSCEF # 35 – Wiener aff ¶ 2). Defendants inform that while § 1102 "only requires production of three years' worth of tax returns and financial statements [yet,] ZAR produced seven years' worth of its tax returns and financial statements" including GAAP financial statements for 2017

**651939/2024  TILLIS, JASON ET AL vs. ZAR REALTY NY LLC ET AL**
**Motion No. 001**

Page 2 of 4

2 of 4

through first-quarter 2024, general ledgers and trial balances, federal and New York tax returns with Schedules K-1, the 2020 AOD, bank records, and the 2021 refinance closing binder (defts' mol at 1, 3).

On plaintiff's first claim, defendants argue that since defendants have produced the requested information soon after the complaint was filed, plaintiffs' request for a declaratory judgment is moot (NYSCEF # 41 – defts' mol at 4-5). On plaintiffs' second claim, defendants assert that an accounting is unnecessary because defendants have already produced the financial documents including tax returns (*id.* at 5). Defendants also argue that plaintiffs' demand for an accounting is improper as there is no breach of fiduciary duty that would implicate a request for this equitable relief (*id.* at 6-7). Finally, defendants note that aside from having produced all the documents under the Op Agreement thus rendering breach null, plaintiffs have not shown that they have sustained any damages for their breach of contract claim (*id.* ¶ 4). Thus, defendants argues for dismissal of this claim as well. Defendants avers that they have fully complied with both Limited Liability Company Law § 1102 and the Op Agreement's §§ 10.1-10.2, totaling more than 2,600 pages of material.[1]

But, plaintiffs allege that the post-suit production failed to include general ledgers, source documents supporting nearly $1,000,000 per year of "repairs and maintenance," and detailed backup for large interest-expense entries[2] identified in plaintiffs' First Demand letter (NYSCEF # 44, pltfs' reply at 8–9). Plaintiffs' reply then ventures into allegations of operational irregularities for which plaintiffs' submit emails by a non-party who was not previously mentioned and further new information relating to the OAG's investigation (Reply at 5-6). The new allegations will not be addressed here as they are raised for the first time in reply.

Based largely on their arguments post-receipt of defendants' production, plaintiffs maintain that partial summary judgment in their favor is warranted. Plaintiffs add that because defendants "refuse to fully produce information about ZAR, it is impossible" to assess damages (*id.* at 17).

## Discussion

As both parties move for summary judgment, "the proponent of a motion for summary judgment must establish that there are no material issues of fact in dispute and that it is entitled to summary judgment as a matter of law" (*Mazurke v Metropolitan*

---

[1] Specifically, on June 25, 2024, defendants e-mailed eight Excel workbooks containing GAAP balance sheets, income statements, cash-flow schedules, and members'-capital statements for 2017 through 1Q 2024; between June 28 and July 9 they delivered general ledgers and quarterly trial balances; on 17 July they produced federal and New York tax returns and Schedules K-1 for 2017–2022 (explaining that the 2023 return is on automatic extension); on July 22 they supplied the 2020 AOD and related Attorney-General correspondence; and on July 31 they added bank statements, wire back-up, and the 2021 refinance closing binder.

[2] General ledgers for ZAR, by year, for 2019 through September 30, 2024, repairs and maintenance for the years 2020 through the first quarter of 2024, averaging approximately $940,000 per year for the years 2020 through 2023 and reaching approximately $204,000 in the first quarter of 2024, interest expenses averaging approximately $1.1 million per year for the years 2017 through 2020.

651939/2024  TILLIS, JASON ET AL vs. ZAR REALTY NY LLC ET AL                    Page 3 of 4
Motion No. 001

3 of 4

*Museum of Art*, 27 AD3d 227, 228 [1st Dept 2006]). Once a movant makes such a showing, the burden shifts to the opposing party to produce evidentiary proof sufficient to raise an issue of fact (*CitiFinancial Co (DE) v McKinney*, 27 AD3d 224, 226 [1st Dept 2006]).

Here, plaintiffs made three demands to defendants for documents under Limited Liability Company Law § 1102 and their Op Agreement §§ 10.1 and 10.2. Having received no response or documents from defendants, plaintiffs commenced this action on April 12, 2024, to compel defendants to respond to plaintiffs' Demands.

But, in June 2024, defendants allegedly started to produce the documents plaintiffs had demanded. The productions continued through September, and according to defendants, all documents demanded pursuant to Limited Liability Company Law § 1102 and the Op Agreement §§ 10.1 and 10.2 which yielded more than 2,600 pages. Defendants claim they have fully complied with plaintiffs' Demand. Plaintiffs, on the other hand disagree that defendants are in full compliance.

While the parties go back and forth on alleged violations of Limited Liability Company Law § 1102 and the Op Agreement §§ 10.1 and 10.2, it appears that defendants' production of 2,600 pages at least raises a question of fact as to whether the production cured the violations. Plaintiffs' motion, filed in August 2024, largely claims they received nothing as they seek the same documents that defendants claim were produced from June to September 2024. As to plaintiffs' argument in their reply that defendants did not fully comply, they are not addressed here as defendants had no opportunity to respond to these new allegations raised for the first time in plaintiffs' reply. Given the material issues of fact raised by both parties, summary judgment is not warranted for either party.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for partial summary judgment is denied; and it is further

ORDERED that defendants' cross-motion for summary judgment is denied; and it is further

ORDERED that defendants shall serve a copy of this Decision and Order with notice of entry on the Clerk of the Court and plaintiffs within 10 days of this order; and it is further

ORDERED that a status conference shall be held with the court via Microsoft Teams on the 12th of August at 2:30 p.m.

**6/30/2025**
DATE

MARGARET A. CHAN, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

651939/2024 TILLIS, JASON ET AL vs. ZAR REALTY NY LLC ET AL
Motion No. 001

Page 4 of 4